10117

BARRON *ET AL*. v. THOMPSON *ET AL*.
(97 S. E. 840.)

1. MORTGAGES—FORECLOSURE—ATTORNEY'S FEES.—Where mortgagor had arranged a settlement with the holder of mortgage, a third person who fraudulently went to holder of mortgage and bought the mortgage, and immediately turned it over to an attorney for foreclosure, was not entitled to attorney's fees, where mortgagor made tender at once of the principal and interest.

2. TENDER—FORECLOSURE—TENDER IN COURT—HOLDING TENDER GOOD.— In a mortgage foreclosure, where mortgagor had tendered the principal and interest and placed the amount in the hands of a master,

who decided that the tender was good, but returned the money to the mortgagor instead of into the Court, the tender was not kept open, and plaintiff was entitled to a decree of foreclosure, although not entitled to attorney's fees or costs.

Before SHIPP, J., Union, Fall term, 1917. Affirmed.

Action by G. B. Barron and others against Robert Thompson and others. From the judgment rendered, both plaintiffs and defendants appeal.

The report of the master was as follows:

This case was heard by me on the 28th and 29th of July, 1916, at which time the testimony was taken and arguments heard in behalf of both plaintiffs and defendants herein. By virtue of an order of substitution G. B. Barron and R. L. McNally, trustees of Lawrence Smith Lumber Company, bankrupt, were substituted as parties plaintiff; the Lawrence Smith Lumber Company having been adjudged a bankrupt subsequent to the beginning of this action.

The action in this case is based on a note and mortgage executed by the defendant, Robert Thompson, to Lawrence Smith Lumber Company, a corporation, on the 22d day of April, 1914. After the due credits had been allowed on said note and mortgage, there was a balance due of $268.90 on the 10th of March, 1916, as shown by said note and mortgage and as set forth in the complaint of foreclosure herein.

About a month prior to the time the above mortgage was executed to Lawrence Smith Lumber Company, a corporation, to wit, on the 13th of March, 1914, the defendant, Robert Thompson, gave a first note and mortgage to Lawrence Smith Lumber Company, a partnership, over the same property and covering the same debt. The second note and mortgage, on which this suit is brought, was given about a month later in order to transfer the assets of the Lawrence Smith Lumber Company, a partnership, to Lawrence Smith Lumber Company, a corporation. This second note and mortgage was assigned to the Citizens National Bank of Union, S. C., by Lawrence Smith Lumber Company. Sub-

sequently this company was placed in the hands of receivers
by order of Court; G. B. Barron and R. A. Easterling being
appointed coreceivers. These receivers employed J. F.
Walker, Jr., attorney, to act as receivers' attorney. Among
the papers of the Lawrence Smith Lumber Company the
receivers found this first note and mortgage, which, for some
reason, had not been canceled and delivered up when the
second note and mortgage was given to take it up, where-
upon the receivers turned same over to their attorney, who
filed foreclosure proceedings on same. A. C. Mann, attor-
ney, was employed by Robert Thompson to defend the
action, and to aid him in raising the money to take up the
second note and mortgage, which at that time was still in
the hands of the Citizens National Bank of Union, S. C.
The matter was taken up with the receivers and their attor-
ney, and, after being apprised of the fact that there was a
second note and mortgage then in the bank which had been
given to take up the one on which they had filed suit, they
concurrently agreed to deliver up the note and mortgage in
thir possession for cancellation, which was immediately done,
thereby clearing the records so the other loan could be con-
summated, and the note and mortgage paid off at the bank
according to the arrangements. Very shortly after this,
during the same day, the receivers and their attorney paid
off the note and mortgage at the bank with the receivership
funds then in their hands. The defendant on the following
morning, the 10th of March, 1916, went and wanted to pay
off the note and mortgage as he had arranged to at the bank,
but the attorney and receivers would not accept the amount
of principal and interest due to date, unless the defendant
would pay the additional amount of 10 per cent. as attorney's
fees. The defendant refused to pay the attorney's fees,
and in the presence of two other witnesses tendered the plain-
tiff's attorney, J. F. Walker, Jr., who had the note and mort-
gage in his possession, the sum of $270 in United States
gold certificates, and asked that he accept that in payment

of and in full settlement of the note and mortgage and cancel and deliver up same according to law, and further advised him that he was doing this in compliance with the law of tender, and unless he accepted it in payment of the debt and stopped the unnecessary cost and interest the matter would be ended. The tender was refused, and subsequently foreclosure proceedings were brought on the note and mortgage so acquired and held by the attorney and receivers. The defendant answered, and pleaded, among other things, that the plaintiffs were not lawfully entitled to the attorney's fees prayed for, that they had used wrongful or fraudulent means in procuring the possession of the note and mortgage so sued on, and set up legal tender and readiness to pay. The defendant brought the money and paid same into Court, to wit, $270, and counted same out to plaintiffs and their attorney, and asked that they accept it in discharge of the note and mortgage, in compliance with the law of tender, and same was again refused in open Court.

(1) I find as a matter of fact that the plaintiffs and their attorney were acting beyond the scope of the authority conferred upon them by virtue of the order of Court appointing them receivers, in paying off the note and mortgage in question at the Citizens National Bank of Union, S. C., and that they procured possession of same through wrongful or fraudulent means and for a wrongful or fraudulent purpose, and that the claim for attorney's fees was not made in good faith, and the tender was refused for a wrongful purpose. This is a piece of champerty that does not commend itself to the favorable consideration of a Court of equity. I, therefore, find as a matter of law that the plaintiffs in this case are not entitled to recover attorney's fees as prayed for.

(2) I further find as a matter of fact that the defendant herein did tender the amount lawfully due on said note and mortgage to the plaintiffs on the 10th of March, 1916, and that the tender was properly and unconditionally made in good faith for the purpose of paying the debt in compliance

with the law of tender, and I also find that the said tender of the lawful amount due on said note and mortgage was kept good, and that the same was properly paid into Court and there refused by plaintiffs; said tender being sufficient in amount to cover the debt and the fees of office for entering satisfaction. I, therefore, find as a matter of law that the mortgage lien is discharged, and the plaintiffs should deliver up and cancel same as required in the law of tender.

(3) I further find that after the mortgage lien being discharged the defendant is indebted to the plaintiffs in the sum of $268.90. I, therefore, find as a matter of law that the plaintiffs should have judgment for their debt, that is, for the sum of $268.90, the amount due on March 10, 1916.

All of which is respectfully submitted.

The supplemental report of the master was as follows:

(1) I find that the money, the $270 claimed to have been tendered plaintiff and claimed to have been paid into Court, was in fact received by me as master and as the officer of the Court as a payment of the money into Court.

(2) I beg to report that the money so paid into Court is not now in my hands subject to the orders and disposition of the Court, but was voluntarily paid by me back to the defendant,s attorney after judgment was reached, that the money was left in my hands as the officer of the Court for several days after the reference, and remained there undisturbed until I decided the case adversely to the plaintiffs, when I advised the defendant's attorney to come and get the money, which he did.

The decree of the Circuit Court was as follows:

I have carefully considered the report of the master and exceptions thereto. The master has fully stated the case in his report. I agree with the master that the receivers are not entitled to the attorney's fee claimed. They had no right to buy in the note and mortgage in question, and to interfere with the settlement arranged by the defendants with the Citizens National Bank of Union, and

should have accepted the tender made them. There was no necessity for this suit; but the master was in error in holding that the tender was kept open. The money was withdrawn from the master, and is not now in Court. The plaintiffs are entitled to have judgment for the sum of $268.90, and to have the premises described in the complaint sold to pay the same. It is, therefore, ordered that the land or lot described in the complaint be sold by the master for cash on the first Monday in March, 1918, or upon some convenient sales day thereafter during the usual hours of legal sales; that out of the proceeds he do pay to the plaintiffs or their attorney the amount so found due, with interest thereon from August 14, 1916, without cost or attorney's fees, and the balance, if any, he do distribute among the defendants, heirs at law of Robert Thompson, deceased, according to their respective legal rights; that the master give due notice of said sale by advertisement in some newspaper of Union, S. C., and make due report of said sale to this Court. Ordered further that the plaintiffs pay the costs of the action.

*Messrs. Wallace & Barron*, for plaintiffs-appellant, cite: *As to error in not allowing plaintiffs attorney's fee:* 71 S. C. 250; 23 A. & E. En. Law 1064, 2 and 3; 21 En. Pl. & Pr. 558c. *As to insufficiency of tender by defendants:* 71 S. C. 250; 28 A. & E. En. Law, p. 40, 2c; 17 S. C. 334; 21 En. P. & P. 547, N. 45; 21 En. Pl. & Pr. 580, 1 and 2 and 7; 88 S. C. 525.

*Mr. A. C. Mann*, for defendants-appellants, submits: *That the exceptions of plaintiff-appellant are not properly framed, and do not come sufficiently within the rule to entitle them to the consideration of the Court:* Rule 5 of the Supreme Court; 99 S. C. 200; 56 S. C. 38. *Costs in equity cases are within the discretion of the trial Judge. Also attorney's fee in a case of foreclosure is subject to the control of a Court of equity:* 84 S. C. 458. *As to costs in equity cases:* 82 S. C. 109; 28 S. C. 218; 58 S. C. 68. *As to attorney's fees in equity cases:* 95 S. C. 343; 97 S. C. 477;

94 S. C. 383. *As to tender:* Civil Code, sections 3461-3461a; 26 S. C. 337; 88 S. C. 525. *Tender was kept open:* 91 S. C. 231.

January 18, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons therein stated, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. JUSTICE GAGE. I dissent from the judgment of the Court. The master found that the plaintiff was guilty of fraud in bringing the action; and the Court did not reverse that finding. The Court found the plaintiff had no right to sue, and should have accepted the tender.

The master reported that "the $270 claimed to have been tendered by the plaintiff and claimed to have been paid into Court was in fact received by me as master as an officer of the Court as a payment of the money into Court." The master further reported that he "voluntarily" paid the money back to the defendant's attorney.

The defendant, therefore, has not failed in the performance of any duty. The plaintiff has abandoned his right, and is not entitled now to set up a lien.