### TOLBERT v. FOOSHE

#### (117 S. E., 354)

REPLEVIN—IN CLAIM AND DELIVERY, DEFENDANT, MAINTAINING DEFENSE THAT PROPERTY WAS PLEDGEDD TO HIM, NOT ENTITLED TO ORDER OF SALE.—In an action in claim and delivery, in which defendant requested no affirmative relief, and none was accorded him by the verdict and judgment, the result being merely an adjudication that defendant was entitled to retain the property as pledged, and a stated amount was due him from plaintiff, defendant was not entitled to an order of sale, the proceeds of which were to be first applied to the indebtedness, but must proceed under Civ. Code 1912, Sec. 4105, relating to sales of pledged property.

Before WILSON, J., Greenwood, 1922. Reversed.

Action by T. P. Tolbert, Jr., against H. W. Fooshe. From an order of sale of pledged personal property, plaintiff appeals.

For former appeal, see 118 S. C., 141; 110 S. E., 115.

*Mr. C. W. Creighton,* for appellant, cites: *Verdict established relation of parties but did not order sale:* 13 S. C., 33; 116 S. C., 184. *Appellant had right to treat property as belonging to respondent and sue for accounting:* 36 S. C., 169; 1 S. C., 129; 73 S. C., 403; 22 A. & E. Enc. L. (2d Ed.), 874. *Appellant offered to redeem property:* 1 Civ. Code 1912, Sec. 4107; 60 S. C., 149. *Respondent shows intention of holding property and avoiding accounting:* 10 S. C., 433. *Judge should have taken property from respondent and ordered sale:* 1 Civ. Code 1912, Sec. 1380; 32 Stat., 139.

*Messrs. Grier & Park* for respondent.

April 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order of sale of certain personal property, heretofore adjudicated as being in the possession of the defendant as a pledge to secure the payment of a debt. The controversy is novel and somewhat complicated.

The litigation between the parties began with an action by the plaintiff, Tolbert, against the defendant, Fooshe, in claim and delivery, for certain machinery, composing a saw-mill outfit, which Fooshe had sold to Tolbert in January, 1920, for $1,600.00. Tolbert paid $1,000.00 cash and gave his note for $600.00; the remainder unsecured, so far as the record shows. Tolbert used the outfit until June, 1920, at which time he brought it back to Fooshe's premises and left it there.. He did not offer a very satisfactory explanation of this return, stating that Fooshe was to hold the outfit as his (Tolbert's) property, to be removed by him at his pleasure. Fooshe claimed that Tolbert had turned over the outfit to him in satisfaction of the unpaid note, but expressing his willingness for Tolbert to resume possession upon payment of the note.

The trial took place in April, 1921, before Circuit Judge Townsend and a jury. Upon the trial Fooshe was allowed to dispute the plaintiff's right to possession, upon the ground that the outfit had been left by him with Fooshe as a pledge to secure the balance due. The jury found the following verdict:

"We find that the property described in the complaint has been deposited by plaintiff with the defendant as security for the payment of debt, and there is due the defendant by plaintiff the sum of $648.00 upon the debt secured by the deposit and pledge of said property."

From the judgment entered upon this verdict the plaintiff appealed, solely upon the ground of alleged error in permitting the defendant to recover upon a defense not alleged in his answer. On December 19, 1921, this Court rendered

judgment affirming the judgment of the Circuit Court. 118 S. C., 141; 110 S. E., 115. On February 9, 1922, the attorneys for Fooshe wrote to the attorney for Tolbert, inclosing a statement of the judgment and costs, and requesting that he take the matter up with his client and have him either pay the judgment and take the property or consent to an order of sale, the proceeds to be applied to the judgment and costs and the remainder, if any, paid to Tolbert. On February 13, 1922, the attorney for Tolbert replied, declining to do either, stating: "We elect to stand upon our legal rights." On March 23, 1922, the attorneys for Fooshe gave notice of a motion to be made, at April term thereafter, for an order of sale of the property to satisfy the judgment and costs.

The motion was heard by Circuit Judge Wilson at the April term, 1922. The plaintiff, Tolbert, in opposition to the motion, offered: (1) The record of a suit he had commenced in the County Court against Fooshe for damages resulting from an alleged conversion of the property by sale to a private individual; (2) the contention, also set forth in the County Court action, that he had made a tender in full of said judgment, interest, and costs; (3) certain affidavits tending to establish these contentions.

The Court passed an order directing the defendant to sell the property at public outcry, and to apply the net proceeds of sale to the defendant's judgment, interest, and costs; the remainder, if any, to be paid to the plaintiff. From this order the plaintiff now appeals.

The answer of the defendant in the main action for claim and delivery was but a general denial, and under it this Court held upon the former appeal that he was entitled, in defense of plaintiff's claim of title and right to possession, to show that the property was held by him as a pledge for the security of the balance due to him. The defendant asked no affirmative relief and none was accorded him by the verdict and judgment. The result was simply

an adjudication of his relation as pledgee, from which certain incidental rights flowed, the principal one of which was to proceed under Section 4105, Vol. 1, Code of Laws 1912. Whether or not the matters set up by the plaintiff in his new action in the County Court would militate against the defendant's rights under Section 4105 is a question not now before us or considered.

To confirm the order of sale, and the sale, if it has been had, however, would necessarily conclude that question, which should not be done.   It must accordingly be reversed; the effect being to relegate the defendant to his adjudicated status as a pledgee and leave the issues raised in the new action to be determined.

The judgment of this Court is that the order appealed from be reversed.