## 11559

### TOLBERT v. FOUCHE

#### (123 S. E., 859)

1. TENDER—MUST BE OF AMOUNT DUE AND KEPT GOOD.—A tender to be sufficient must be of amount due and must be kept good.

2. PLEDGES—WHEN DISPOSITION OF PLEDGED PROPERTY AMOUNTS TO CONVERSION, STATED.—Wrongful, unauthorized disposition of pledged property, so as to put it out of pledgee's power to redeliver on payment of debt which it secures, is a conversion for which an action will lie.

3. PLEDGES—COMPLAINT THAT PLEDGEE COULD NOT DELIVER PROPERTY HELD MADE TOO LATE.—Where pledgee offered to return property on payment of amount due, but pledgor refused to pay, *held,* in an action for conversion of the property, that it was too late for pledgor to complain that pledgee could not have delivered property.

4. PLEDGES—SALE HELD REFERABLE TO STATUTE, AND NOT TO REVERSED ORDER.—That order under which pledged property was sold was reversed on appeal did not affect validity of a sale, as it could be referred to Civ. Code, 1922, § 5628, relating to sales of pledged property.

5. PLEDGES—ADVERTISEMENT OF SALE HELD ADMISSIBLE IN ACTION FOR CONVERSION.—In an action against pledgee for conversion, advertisement of sale under order which had been reversed *held* admissible as tending to show that pledgee had not so disposed of property that he could not deliver it on payment of debt.

Before TILLMAN, J., County Court, Greenwood, December, 1923. Affirmed.

Action by T. P. Tolbert, Jr., v. H. W. Fouché. From a judgment for plaintiff for an insufficient amount, plaintiff appeals.

---

Note: On effect of unauthorized sale or disposal of pledge by pledgee to dispense with tender as a condition of trover against him, see notes in 6 L. R. A. (N. S.), 298; 24 L. R. A. (N. S.), 511.

*Messrs. C. W. Creighton* and *Thurmond & Daniel*, for appellant, cite: *Securities sold by pledgee and subsequently recovered by him, does not restore his original status as pledgee:* 22 A. & E. Enc. L., 873; 28 A. & E. Enc. L., 684. *Notice of sale irrelevant and prejudicial:* 94 S. C., 147. *Verdict should have been directed:* 91 S. C., 17; 79 S. C., 338. *No tender necessary where plaintiff had disposed of part of pledged property:* 113 S. C., 10; 72 S. C., 458; 109 S. C., 299. *Pledgee had only a lien on the property:* 21 R. C. L., 651. *Measure of damages:* 72 S. C., 458. *Claim and delivery will lie, even when party has disposed of the property:* 46 S. C., 199; 60 S. C., 107. *Pledgee could not treat property as his own unless it had been sold according to law and purchased by him:* 67 S. C., 416; 21 R. C. L., 664. *Verdict not responsive to the charge:* 99 S. C., 71.

*Messrs. Grier & Park* for respondents.

July 30, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action in the County Court of Greenwood County, commenced March 11, 1922, for $852.00 damages, by reason of the alleged conversion of certain personal property. The case was tried before his Honor, County Judge H. C. Tillman, in December, 1923, and resulted in a verdict in favor of the plaintiff for $62.50. The plaintiff has appealed.

While this case is not identical with the case of the same title commenced and ended in the Court of Common Pleas, and twice before this Court on appeal (118 S. C., 141; 110 S. E., 115, and 124 S. C., 166; 117 S. E., 354), it is so closely connected with it as to require a full statement of the controversy between the parties and a history of the litigation.

In January, 1920, Fouché, the defendant, sold to Tolbert, the plaintiff, a sawmill outfit for $1,600.00, of which Tol-

bert paid $1,000.00 in cash, and gave his note for the remainder, $600.00, apparently unsecured. Tolbert used the outfit until July, 1920, and then brought it back to the premises of Fouché and left it there. Tolbert claimed that he left it there by agreement with Fouché as his (Tolbert's) property to be removed whenever he wished to do so. Fouche claimed that it was surrendered in satisfaction of the balance due, but that he had always been, and was still, willing to treat it as a pledge and to deliver it to Tolbert upon payment of said balance. Tolbert then brought claim and delivery proceedings against Fouché for the property. The case was tried before Judge Townsend and a jury some time in 1921, and resulted in a special verdict that the property had been deposited by Tolbert with Fouché as a pledge to secure the balance of the purchase price, which at that time amounted to $648.00. (See form of verdict on page 167, 124 S. C., 117 S. E., 354. From the judgment for the defendant, entered upon the verdict, the plaintiff, Tolbert, appealed, and on December 19, 1921, this Court rendered judgment affirming the judgment of the Circuit Court. 118 S. C., 141; 110 S. E., 115.

On February 9, 1922, the attorneys for Fouché wrote to the attorney for Tolbert, inclosing a statement of the judgment and costs, and requesting that he take the matter up with his client and have him either pay the judgment and take the property or consent to an order of sale, the proceeds to be applied to the judgment and costs, and the remainder, if any, paid to Tolbert.

On February 13, 1922, the attorney for Tolbert replied, declining to do either, stating: "We elect to stand upon our legal rights."

On February 28, 1922, Tolbert began the present action, March 11, 1922, in the County Court, in which he alleged that on January 30, 1922, he tendered to Fouché the amount of said judgment with interest and costs, which Fouché refused, for the reason stated that he had traded the property

and did not have it in his possession, and that by such con-
duct Fouché had converted to his own use the said property
worth $1,500.00. He demanded judgment for the $1,500.00
less the $648.00 as fixed by the jury as the balance due
Fouché, with interest, and the amount of the costs carried
by said judgment.

. On March 23, 1922, the attorneys for Fouché gave no-
tice of a motion in the case which had been concluded by
the judgment of this Court (118 S. C., 141; 110 S. E.,
115), for an order of sale of the property to satisfy the
judgment of $648.00. The motion was resisted by Tolbert
upon the ground of the pendency of his action in the County
Court for conversion. (See 124 S. C., at pages 168; 117
S. E., 354.) The motion was heard by his Honor, Judge
Wilson, at the April term, 1922. He passed an order di-
recting Fouché to sell the property at public outcry and
apply the proceeds of sale to the judgment, interests, and
costs, and pay the remainder, if any, to Tolbert. From
this order Tolbert appealed, but did not ask for a stay of
the order of sale. The property was accordingly advertised
and sold thereunder in July, 1922, and was bid off at
$200.00; by whom it does not appear.

The plaintiff proceeded with his appeal from the order
of sale signed by Judge Wilson, and on April 23, 1923, this
Court rendered judgment reversing the order upon the
ground that in the claim and delivery action, "the defendant
asked no affirmative relief and none was accorded him by
the verdict and judgment. The result was simply an adju-
dication of his relation as pledgee, from which certain in-
cidental rights followed, the principal one of which was to
proceed under Section 4105, Volume 1, Code of Laws,
1912. Whether or not the matters set up by the plaintiff
in his new action in the County Court would militate against
the defendant's rights under Section 4105 is a question not
now before us or considered. To confirm the order of sale,
and the sale if it has been had, however, would necessarily

conclude that question, which should not be done. It must accordingly be reversed; the effect being to relegate the defendant to his adjudicated status as a pledgee and leave the issues raised in the new action to be determined."

Accordingly, the "issues raised in the new action," that is, the present antion in the County Court for conversion, were brought to trial in that Court in December, 1923. Those issues, based upon the allegations of the complaint, controverted by the answer, were:

(1) That on January 30, 1922, the plaintiff tendered to the defendant the amount of the judgment for $648.00, rendered against him in the claim and delivery action in the Court of Common Pleas, together with interest and all costs, Circuit and Supreme, and demanded a return of the property held in pledge; that the tender was refused, and that thereby the defendant converted to his own use said property.

(2) That the defendant, prior to said tender, sold and disposed of the property in pledge, and thereby converted it to his own use.

(3) That the value of the said property at the time of its conversion, was $1,500.00.

(4) That the plaintiff has been thereby damaged in the sum of $1,500.00 less the judgment of $648.00 referred to.

As to the alleged tender of January 30, 1922, the evidence for the plaintiff was to the effect that he had the amount of the $648.00 judgment, interest, and costs calculated, obtained the required amount in cash, tendered it to the defendant at his home, and demanded possession of the pledged property; that tht defendant refused to accept the money, upon the ground that he had sold the property and, therefore, could not deliver it. It is impossible that he tendered the full amount of the costs, for the reason that they were not taxed until February 19, 1922, ten days thereafter. On the last named date the attorneys for the defendant wrote to the attorney for the plaintiff, giving him a satement of the judgment, interest, and costs as follows: Judgment,

$648.00 with interest from March 1, 1921, Circuit Court costs, $10.70, and Supreme Court costs, $30.50; and requested him to take the matter up with his client and either pay up the amount and take the property, or consent to an order of sale of the property, the proceeds to be applied to said debt and the remainder, if any, turned over to the plaintiff. Of this letter the plaintiff admits he was advised. His attorney replied to it on February 13th, saying:

"There is absolutely nothing further for my client to do; nothing to consent to. We elect to stand upon our legal rights"—evidently under the impression that the tender of January 30th was sufficient without having to be kept good.

Again on February 22d the plaintiff was advised that he could resume possession of the property upon payment of the debt and costs, to which second assurance the plaintiff made no reply.

The trial Judge correctly charged the jury, to which no exception has been taken, that a tender to be sufficient must be of the amount due and must be kept good. Upon both of these gounds the undisputed evidence shows that the tender was insufficient.

As to the alleged disposition of the pledged property prior to the tender: The evidence shows that the defendant bargained the boiler to one Norris for $225.00 and the rest of the outfit to one Watkins or Watson, at $1,500.00; with both of them the agreement was that the defendant might resume possession if it became necessary to satisfy any claim on the part of the plaintiff which might be established in the pending litigation. As a matter of fact, it appears that the defendant actually resumed possession of all the outfit when he sold it under the order of Judge Wilson in June, 1922.

The rule is thus stated in 21 R. C. L., 675.

"The wrongful or unauthorized disposition of pledged property by the pledgee or his agent, so as to put it out of

his power to redeliver it on payment of the debt which it secures, is a coversion for which an action will lie."

It appears that on February 9th the defendant offered to return the property upon payment of the debt and costs; that he renewed the offer on February 13th; that he had possession at the sale in June. It indisputably appears, therefore, that if the plaintiff, at either time, had done what was his duty, pay the admitted debt, he could have regained possession of the property. Having refused to do so, but elected to stand upon his legal rights, it is too late now to complain that the defendant could not have delivered the property to him if he had paid the debt.

The plaintiff also contends now that the defendant was guilty of a conversion of the property by the sale under Judge Wilson's order. That order having been reversed by the judgment of this Court (124 S. C., 166; 117 S. E., 354), was a nullity; but the relation of of the defendant having been established in the first appeal (118 S. C., 141; 110 S. E., 115), to be that of a pledgee, with the right of such under Section 4105, Code of 1912 (Section 5628, Code of 1922), the fact that the sale was supposed to be authorized by an order of Court, the invalidity of that order did not affect the validity of the sale under the above Section to which it may be referred. The right of the defendant to foreclose the pledge was dependent upon the validity of the alleged tender and the alleged conversion by private sale, neither of which has been established.

The exceptions of the plaintiff have been carefully considered and have been found entirely devoid of merit. As a matter of fact, he has recovered more than he was entitled to.

The charge of the trial Judge was exceedingly clear, forcible, and correct; the objection to the admission of the advertisement of sale under Judge Wilson's order cannot be sustained for several reasons: It tended

to show that the defendant had not so disposed of the property that he could not deliver it upon payment of the debt; the defendant was entitled to rely upon it as the exercise of his rights as a pledgee; the motion for a directed verdict could not have been sustained for the reasons given by the trial Judge; the objection that the verdict was unintelligible cannot be sustained in the absence of the requested directions; the value of the property was for the jury.

The judgment of this Court is that the judgment of the County Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.