KEESE v. PARNELL *ET AL.*

(128 S. E., 172)

1. REFERENCE—IN EQUITABLE ACTION, COURT MAY NOT COMPULSORILY ORDER REFERENCE EXCEPT AS PROVIDED BY STATUTE.—In equitable action Court has no power to compulsorily order a reference, except under circumstances detailed in Code Civ. Proc., 1922, § 593.

2. REFERENCE—OBJECTION BASED ON REFUSAL TO FRAME ISSUES FOR JURY NOT PROPER FORM OF OBJECTION TO COMPULSORY ORDER OF REFERENCE.—Objection based on refusal of Circuit Judge to frame issues for jury in compliance with motion is not proper form of objection to compulsory order of reference.

3. TRIAL—IN EQUITABLE ACTION, FRAMING OF ISSUES FOR JURY IN COMPLIANCE WITH MOTION IS MATTER WITHIN DISCRETION OF COURT.—In equitable action, framing of issues in compliance with motion is matter within discretion of trial Judge, under Circuit Court Rule 23.

Before BONHAM, J., Anderson, June, 1925. Affirmed.

Action by Walter H. Keese against W. C. Parnell and others. From decree for plaintiff the defendant appeal.

*Mr. Leon L. Rice* and *A. H. Dagnall,* for appellant, cite: *Issues should have been submitted to jury:* Rule 23, Circuit Court; 114 S. C., 123; 2 Rich., 73. *Requiring borrower to accept worthless securities is usury:* Harp., 81; 4 McC., 404; 2 DeS., 333. *Honest belief no excuse:* 76 S. C., 450; 88 S. C., 530; 110 S. C., 570; 27 R. C. L., 211. *What is good tender:* 19 R. C. L., 447; *Estoppel:* 26 R. C. L., 655; 67 S. C., 456; 53 S. C., 315; 30 S. C., 612; 28 S. C., 38; 15 S. C., 611; 42 S. C., 348; 39 S. C., 203; 32 S. C., 511.

*Mr. Wm. P. Greene,* for respondent, cites: *Party entitled to reasonable time to consider tender:* 88 S. C.; 525. *No valid tender:* 88 S. C., 525. *Tender must be kept good:*

NOTE: On account of the omission of Judge Bonham's Decree, this Case will be reported in Vol. 133, S. C.

27 Cyc., 1409; 1 Jones, Mortg., Sec. 893; 111 S. C., 339. *No usury where bona fide sale of property is involved:* Webb, Usury, Secs. 63, 64, 66, 135; 66 N. W., 269; 5 Ill., 25; 18 S. W., 123; 16 S. E., 512; 104 S. C., 157. *Not entitled to jury trial:* 82 S. C., 150.

June 2, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This Court is entirely satisfied with the reasoning and conclusions of the Circuit Judge (Judge Bonham) upon the merits of this controversy.

The only question remaining is whether there was error in the order of Special Judge Lanham in referring the case to the Special Referee to take the testimony, over the objection of the defendants.

It has been decided by the Court in the case of *Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420, that even in an equitable action, the Court has no power to compulsorily order a reference, except under the circumstances detailed in Section 593, Code of Civil Procedure, 1922 (citing *Ferguson v. Harrison,* 34 S. C., 169; 13 S. E., 332), none of which exist in the case at bar. The alternative is for the Circuit Judge, sitting as a chancellor in an equity case, to take the testimony and decide the case. If the appellants had opposed the reference upon this ground, and had followed up the objection with appropriate exception, their position would have been sustained. But their objection was based upon the refusal of the Circuit Judge to frame issues for the jury, in compliance with the motion which had been duly noticed. This was a matter within his discretion as is plainly disclosed in Rule 23 of the Circuit Court rules.

The judgment of the Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.