## 15616

### SMITH v. SOVEREIGN CAMP WOODMEN OF THE WORLD

(28 S. E. (2d), 808)

194

May, 1943.

*Mr. Hugh O. Hanna,* of Hampton, S. C., Counsel for Appellant,

*Mr. George Warren,* of Hampton, S. C., Counsel for Respondent,

January 24, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the Opinion of the Court:

I regret that I find myself in disagreement with Mr. Acting Associate Justice Stoll in a very small particular of this case. I think the judgment below should be affirmed without modification.

In the first place, contest as to interest on the amount of the "face of the policy" was not decided by the lower Court (it is not mentioned in the apparently

exhaustive decree), so it is not a proper subject for review by this Court. But considering it anyway, I do not think it was error to allow such interest.

The case was tried upon a stipulation which contained the following recitals with respect to the alleged tender or tenders:

"On January 23, 1942, defendant issued its check to plaintiff Alma M. Smith in the sum of $1002.68 as payment in full under said policy. Said check had the usual provisions printed on the back thereof stating that the acceptance of same would be payment in full.

"That this check was tendered to plaintiff but that on February 9, 1942, by letter of Calhoun Thomas, attorney for plaintiff, this check was returned with the statement that it should be in the amount of $2,002.68 as per letter of Mr. Thomas.

"Defendant then cancelled the stipulation on back of said check and returned the same to their agent, J. D. Parler, on March 12, 1942, with instructions to deliver the said check to plaintiff and to advise her that she could receive, endorse and cash said check without prejudice to her claim for additional indemnity on account of the member's accidental death. This was done but plaintiff on March 18, 1942, refused to accept the check under such conditions and returned the same to defendant.

"That after suit was started herein defendant through its attorney Hugh O. Hanna, Esq., again tendered to George Warren, Esq., the said check for $1002.68 or offered to pay the said amount, the same to be without prejudice to the plaintiff to her claim for additional indemnity as claimed in the complaint, and the same to be without prejudice to the rights of the defendant, which offer was refused by plaintiff."

The attempted tender to plaintiff's present counsel was after suit was commenced and under the circumstances stated was of no effect for the money

was not paid into Court. *Manning v. Brandon Corporation,* 163 S. C., 178, 161 S. E., 405. So it must be determined whether the attempts at payment to plaintiff, herself, of the amount admitted by defendant to be due under the policy were sufficient to stop the running of interest on this unquestioned part of the obligation. Consideration requires immediate dismissal of the first attempt for it was by check conditioned in full payment. Left for consideration is only the second attempted payment, the first and third having been eliminated.

The double indemnity provision, although set forth in a so-called "supplementary agreement," was in fact a part of the policy. The agreement so recites, that it was "attached to and made a part of" it, and plainly states further: "This supplementary agreement shall be deemed a part of the said certificate * * *." Thus upon the accidental death of the insured, within the terms of the policy including the supplementary agreement, the obligation of the insurer was to pay the beneficiary the full sum of two thousand dollars; that amount was the face of the policy and the use of that term to describe the insurer's liability under the policy for natural death is for convenience rather than of legal significance. Plaintiff did not sue on two causes of action; the complaint was properly based on one, the insurance policy; and appellant made no objection to this form of the complaint, but filed answer to it. The latter fortifies the conclusion that when defendant theretofore tendered its bank check in attempted payment of about one-half of its obligation under the policy there was no duty on the part of plaintiff to accept it, so it was, I think, without legal effect.

Respondent's counsel says that he declined to accept it when it was offered him because of the inclusion of the extra $2.68 (refund of overpaid premium) which he did not understand and was afraid it might affect the right of his client to recover from the insurer the latter's full liability

under the policy. It was, I think, as if a debtor offered to pay a part of a note or account. Not offering to pay all, there could be no tender as such is known to the law. Incidentally, appellant will lose nothing if held liable for interest, as I think it should be, because it has all the while had the use of plaintiff's money under the policy and still has until the judgment is paid. It is for this use that interest should be allowed.

The old case of *Ryan v. Baldrick,* 3 McCord, 498, cited by Mr. Justice Stoll, has no bearing upon the instant problem and what was said there relating at all to it was dictum. Incidentally though, the opinion contains a most *interesting* thumbnail sketch of the world history of *interest.* The learned author, Justice Abraham Nott of the Constitutional Court of South Carolina, was first educated for the Christian ministry in his native New England, afterward entering the law and becoming an eminent Judge of this, his adopted, State, and meanwhile having represented it in the United States Congress. 1 O'Neall's Bench and Bar of S. C., 121.

All that Judge Nott said in the *Ryan case* touching the instant question was : "A tender of the principal, the absence of the party, the intervention of war, etc., are good causes for suspending the payment of interest in any case. But it is not a matter of discretion. It must depend upon some legal principle." But in this case, as in that, there was no "tender of principal"; the attempts were to pay about half of the principal, defendant at the same time denying liability for the other half of its policy obligation.

Under the answer in this action, which admitted liability for payment of the so-called "face amount" of the policy, plaintiff might have obtained an order of the Court directing payment thereof forthwith by defendant under subsection (11) of Section 584 of the Code. See the footnote thereunder, page 431 of Volume 1 of the Code of 1942, citing for this proposition *Pilot Life Insurance Company*

*v. Habis,* 4 Cir., 90 F. (2d), 842, which seems to have been a case somewhat similar to this. But plaintiff in this action did not pursue that course, which she was not obliged to do. Had she done so, there appears to be no reason why the defendant would not have had to pay legal interest from the date of the order to the date of its satisfaction. Such an order is in the nature of a judgment insofar as its enforcement is concerned, expressly under the statute, and, as stated, its non-payment must entail liability for legal interest to date of payment.

The following quotations are from 26 R. C. L., Tender, page 639: "A tender to be sufficient in law must be in amount at least equal to the amount due; and an offer of a part of the amount due does not avail as a tender." And page 646: "A tender to have the effect of stopping interest must be kept good, that is it must be continuing. Using the money after refusal by the creditor to receive it destroys this effect of a tender, and the debtor is chargeable with interest as though no tender had been made."

To the same effect is 62 C. J., 660, 661, as follows: "Nothing short of an offer of everything that the creditor is entitled to receive is sufficient, and a debtor must at his peril tender the entire sum due, including all necessary expenses incurred or damages suffered by the creditor by reason of the default of the debtor, and a mistake in tendering an amount less than the sum due is the misfortune of the tenderer, and the position of the parties remains the same as if no tender had been made." And 33 C. J., 243: "Inasmuch as the tender must be as broad as the obligation, it is very generally held that a tender of a less sum than is actually due will not prevent the running of interest thereafter on the whole principal."

But we need not go farther than the precedents of the decisions of our own Courts for law upholding the justice of the allowance of interest under the facts of this case. Brief excerpts from several leading cases follow:

The late lamented Chief Justice Bonham of this court, then a trial Judge, heard on Circuit the case of *Keese v. Parnell,* 132 S. C., 360, 128 S. E., 172; *Id.,* 134 S. C., 207, 132 S. E., 620, 622; upon appeal, his decree was adopted by this Court as the most of its judgment. From it the following is quoted:

"In the view I take of this case it is unnecessary to consider the effect of the refusal of the tender, that is to say, whether such refusal destroyed the lien of the mortgage, stopped the running of interest and prevents the recovery of costs. Undeniably that was the effect of the refusal of a valid tender, even though the tender was not kept nor the money paid into court, ever since the decision of the case of *Salinas v. Ellis*, 26 S. C., 337, 2 S. E., 121, until the decision in the case of *Reynolds v. Price,* 88 S. C. [525], 533, 71 S. E., 51, which overruled *Salinas v. Ellis.* That case laid down the rule, which is affirmed in *Barron v. Thompson,* 111 S. C., 339, 97 S. E., 840, to this effect: 'The weight of authority and reason favors the rule that to have the effect of stopping the running of interest, or of discharging the lien of the mortgage, the tender must be kept good; and if made the basis of a plea of tender, or for affirmative relief the money must be brought into Court' —citing 27 Cyc., 1409; 1 Jones on Mortg., § 893.

"It is admitted in the present case that the tender was not kept good, and the money is not brought into court, therefore the plea of tender must fail of the effect of destroying the lien of the plaintiff's mortgages, and of stopping the running of interest and the recovery of costs."

Mr. Justice Cothran delivered the opinion of the Court in *Tolbert v. Fouche,* 129 S. C., 338, 123 S. E., 859, 861, and said: "The trial judge correctly charged the jury, to which no exception has been taken, that a tender to be sufficient must be of the amount due and must be kept good. Upon both of these grounds the undisputed evidence shows that the tender was insufficient."

In the almost century-old case of *Baker v. Gasque,* 3 Strob., 25, the justly famous Justice John Belton O'Neall (his valuable "Bench and Bar" is referred to above) spoke for the Court in his usual forceful style, in part as follows: "Nothing short of an offer to fully perform the contract, evidenced by a tender of everything the plaintiff is entitled to, is enough. In *Boyden v. Moore, Administrator,* 5 Mass. [365], 369, Parsons, Chief Justice, states the law as I have always understood, and never supposed it to be doubted, 'that the defendant must take care, at his peril, to tender enough, and if he does not, and if the plaintiff replies, that there is more due than is tendered, which is traversed, the issue will be against the defendant, and it will be the duty of the jury to assess for the plaintiff, the sum due on the promise; and if it be not covered by the money tendered, he will have judgment for the balance.' "

All of the law which I have found upon the point is to the same effect. Neither of the counsel cited a single authority in their briefs upon it and it is fair to assume that if the matter was argued at all before the Circuit Judge (and the opposite is indicated because he made no reference to it in his rather long decree), it must have been argued as here, upon generalities unsupported by the citation of any legal authority. (I am indebted to the authors of an unusually fine brief in another recent appeal for this gem of thought and expression, attributed to "a wise old Frenchman": "All generalities are false, including this one." I am confident that the counsel in this case are tolerant enough to take this taunt.)

As stated at the outset, appellant really has no right to a decision of the question by this Court because of lack of such in the lower Court. If it felt aggrieved by the ignoring of it there, timely motion should have been made to open the judgment on that account and for an amendment of the decree expressly adjudicating the question. Then appeal would have been in order.

Because of (1) the stated condition of the record before this Court and (2) the conclusiveness of precedent and authority upon the point, I can see it only one way, that is, that the judgment of the Circuit Court should be affirmed.

MR. CHIEF JUSTICE BAKER, MR. ASSOCIATE JUSTICE FISHBURNE, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.

CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE (dissenting):

This cause was heard by Hon. A. L. Gaston, presiding Judge of the Fourteenth Circuit, on an agreed statement of facts.

From his decree the Woodmen of the World Insurance Society has appealed, and by its exceptions raise two questions for determination by this Court.

First. Was there error in not finding and holding that the insured was at the time of his death in the Naval Service of the United States in time of war, and that thereby, under the express provisions of the double indemnity benefit agreement, the plaintiff was barred from recovery of the additional one thousand dollars?

Second. In view of the tender of payment of the $1,002.68, the face of the amount of the policy, plus unearned premiums, was there error in allowing interest on said amount?

The first question must be answered in the negative. The decree of Judge Gaston is clear and convincing. We are in harmony with the views therein expressed and adopt it as the opinion of this Court, except as herein modified. Let it be reported.

The second question must be answered in the affirmative. Tender of $1,002.68, the face of the policy, plus unearned premiums, having been made to respondent without prejudice to respondent's claim for the double indemnity benefits, it was error to allow interest on said amount.

Appellant's tender of the sum of $1,002.68 was absolute and unconditional and without prejudice to the proper adjudication of the question of double indemnity under the insurance policy.

Respondent refused to accept same and in his complaint seeks to recover said $1,002.68 with interest.

As far back as *Ryan v. Baldrick*, 3 McCord, 498, it has been the rule in this State that an absolute and unconditional tender of the amount due suspends the running of interest.

Interest on the sum of $1,002.68 was error. Interest on the sum of $1,000.00 under the double indemnity provision of the insurance policy was proper.

Judgment should be affirmed except as herein modified.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur in part and dissent in part.