18895

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, v. The SOUTH CAROLINA INSURANCE COMPANY, Respondent.

(166 S. E. (2d) 762)

*Messrs. Donald V. Richardson, III, and J. Spratt White,* of *Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Appellant,*

Joseph L. Nettles, Esq., of Columbia,

March 21, 1969.

Moss, Chief Justice.

Hartford Accident and Indemnity Company, hereinafter referred to as Hartford, the appellant herein, instituted this action against The South Carolina Insurance Company, hereinafter referred to as Carolina, the respondent herein, to recover costs, expenses, interest and attorney fees incurred by the appellant in defense of an action against Bedford Gerald Tomberlin, an insured under liability policies issued by Hartford and Carolina. It was alleged in the complaint that Carolina had agreed to pay the limits of its liability policy and withdrew from further defense of the action and as a result of such withdrawal Hartford was forced to defend said action under adverse conditions, which resulted in a verdict in excess of the coverage of Carolina, thereby requiring the payment by Hartford of attorney fees, costs, expenses and interest to its damage in the sum of $6,000.00, for which judgment is sought in this action.

Carolina demurred to this complaint for insufficiency of facts to state a cause of action. This demurrer was sustained and Hartford appealed to this court. We reversed the order of the circuit court sustaining the demurrer and remanded the case to the lower court for trial. *Hartford Accident &*

*Indemnity Co. v. South Carolina Ins. Co.,* 249 S. C. 120, 153 S. E. (2d) 124. Following the remand of this case to the lower court, it was referred to the Master of Richland County, and, after a hearing before him, issued his report on November 22, 1967, recommending judgment in favor of Carolina. Hartford excepted to said report and such was heard by The Honorable Louis Rosen, and by his order of September 14, 1968, he overruled the exceptions to the Master's report and affirmed his recommendation that the complaint be dismissed and judgment entered for Carolina. Hartford has appealed.

Hartford, on February 28, 1962, issued and delivered to Mrs. Miriam C. Tomberlin its policy of liability insurance, in which it agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person arising out of the ownership, maintenance or use of the automobile described in said policy or any nonowned automobile, with a limit for said bodily injury of $20,000.00 for each person. The policy further provided that Hartford would defend any suit alleging bodily injury and seeking damages which were payable under the terms of the policy, even if any of the allegations of the suit were groundless, false or fraudulent. The persons insured under the aforesaid policy, with respect to a nonowned automobile, were the named insured and any relative of the same household, provided the actual use of the nonowned automobile was with the permission of the owner. The policy further provided that, as to a nonowned automobile, the coverage provided was excess insurance over any other valid and collectible insurance.

Carolina, on February 26, 1962, issued and delivered to William John Cameron its policy of liability insurance in which it agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person caused by accident and arising out of the ownership, main-

tenance or use of the insured automobile, with a limit for said bodily injury of $10,000.00 for each person or $20,-000.00 for each accident. The policy further provided that Carolina would defend any suit against the insured alleging bodily injury even if such suit was groundless, false or fraudulent. In addition to the named insured, the policy provided coverage, as an additional `insured, any person driving the automobile described in the policy with permission of the named insured.

It is agreed that while both liability policies were in full force and effect that, on May 20, 1962, Bedford Gerald Tomberlin, son of the named insured in the Hartford policy, was driving a Ford automobile owned by William John Cameron, with the permission of Cameron, and said automobile was involved in a collision with an automobile driven by Thelma Byrum in which Sheila Byrum was a passenger, both of whom sustained bodily injuries.

It thus appears that at the time of the collision that the automobile being driven by Tomberlin was a nonowned one and the coverage provided by the Hartford policy was "excess" to that provided by Carolina. Each of the policies contained a provision obligating the insurer to defend any action against the insured upon a claim within the coverage of the indemnifying provision of the policy.

Several suits were filed against Bedford Gerald Tomberlin as a result of the collision he had with the automobile driven by Thelma Byrum. One action was brought against Tomberlin on behalf of Sheila Byrum seeking damages in the amount of $40,000.00 for the injuries she sustained. Thelma Byrum brought an action against Tomberlin seeking $10,000.00 damages for her injuries. Otis Byrum, the husband of Thelma Byrum, and the father of Sheila Byrum, brought two actions, one in which he sought $5,000.00 in damages on account of injuries to his wife and the other seeking $10,000.00 damages on account of injuries to his daughter, Sheila Byrum. Hartford and Carolina were noti-

fied of the institution of these actions. Carolina retained counsel to defend Tomberlin and Hartford took no action. Investigation of the collision revealed a clear case of liability on the part of Tomberlin and it necessarily followed that the actions should be settled if a reasonable compromise could be obtained. The attorney for Carolina undertook such negotiations and was able to and did settle, within its policy limits, all claims other than that for injuries to Sheila Byrum.

Even though in the action brought in behalf of Sheila Byrum damages in the amount of $40,000.00 was sought, both insurers, at first, assumed that her injuries were not severe. It developed, however, that her injuries were quite severe. Carolina concluded that the case was one for settlement and that a reasonable settlement would be in excess of its limits and hence would involve the Hartford coverage. Carolina notified Hartford of its position and agreed to contribute its limit of $10,000.00 to any settlement that could be effected by Hartford. Hartford, at first, refused to take over the defense of the case but insisted that Carolina continue to defend the action. Carolina then entered into a binding agreement with the attorney for Sheila Byrum to pay $10,000.00 and all costs and expenses of the litigation to that point, regardless of the outcome of the suit. Carolina, with leave of the court, with the knowledge and consent of Tomberlin, withdrew from the defense of the action and Hartford, on April 16, 1964, with court permission, took over the defense of the action and its counsel was substituted as attorney of record in the cause. All costs and expenses in the proceeding, until that time, were paid by Carolina.

Hartford did not negotiate a settlement of the action and the case went to trial, resulting in a verdict in favor of Sheila Byrum against Bedford Gerald Tomberlin in the amount of $33,000.00. Hartford contended that its defense of the action was prejudiced by the withdrawal of Carolina. It has been found that there was no evidence to sustain this

contention. As is before stated, Hartford took over the defense of the action in April, 1964, and the trial thereof was not held until the following October. In settlement of the judgment against Tomberlin Carolina paid its policy limit of $10,000.00 as it had previously agreed to do, and Hartford paid its $20,000.00 policy limit. As is before stated, Hartford brought this action against Carolina to recover its cost of the defense of the action following the withdrawal of Carolina therefrom.

The contention of Hartford is that Carolina is indebted to it for the expenses incurred in the defense of the action brought by Sheila Byrum. The determination of this question requires a consideration of the position of the two insurers with respect to their separate obligations regarding a single suit against their common insured.

It appears to be well settled that, generally speaking, ██ the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is to be determined by the allegations of the complaint in such action. 50 A. L. R. (2d) 465. Likewise, it is generally recognized that the insurer is under a duty to defend a suit against the insured where the complaint in such suit alleges a state of facts within the coverage of the policy. *Employers Mut. Liability Ins. Co. of Wis. v. Hendrix,* 4 Cir., 199 F. (2d) 53, 41 A. L. R. (2d) 424.

In the *Hendrix* case the court refers to the case of *Lee v. Aetna Casualty & Surety Co.,* 2 Cir., 178 F. (2d) 750, which set out the clear interpretation of a similar provision in a policy of liability insurance in these words: "This language means that the insurer will defend the suit, if the injured party states a claim which, *qua* claim, is for an injury 'covered' by the policy; it is the claim which determines the insurer's duty to defend."

The allegations of the complaint, seeking damages ██ in the amount of $40,000.00 brought the claim of Sheila Byrum within the liability coverage afforded

to Tomberlin by the respective policies issued by Carolina and Hartford. Hartford's obligation to defend this action against the named insured, or any other person using the vehicle with the permission of the named insured, was absolute. It became absolute at the time the action was instituted because the allegations of the complaint brought the claim within the coverage of the Hartford policy. *Strickland v. Hughes,* 273 N. C. 481, 160 S. E. (2d) 313. *Fireman's Fund Ins. Co. v. North Carolina Farm Bureau Mut. Ins. Co.,* 269 N. C. 358, 152 S. E. (2d) 513.

The costs and expenses incurred by Hartford should be borne by it because such was an obligation that it owed to its insured under the policy contract. Hartford, under the terms of its policy contract, legally obligated itself to pay, in addition to the payment of any judgment within the policy coverage, all expenses incurred by it in defense of its insured. Each of the liability policies, with which we are here concerned, contained a defense agreement. Neither can object if it is required to pay the costs and expenses which it incurred in defense of the action because such is the performance of the undertaking for which it accepted a premium.

It is the position of Hartford that it is subrogated by the terms of its policy to the rights of the insured against Carolina. Hartford's policy provided that: "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization. * * *" Hartford's obligation to defend any action against its insured became absolute when the allegations of the complaint brought the claim within the coverage of its policy. Its liability under that provision of the contract is not contingent upon the existence of liability on the part of its insured, and its performance of that undertaking does not impose any liability upon him. The attorney employed to defend Tomberlin was selected by Hartford and he looked to it for his

compensation. At no time did the insured have any liability to the attorney and he made no payment to him. The insured, therefore, never had a right of recovery against any person or organization because of fees paid to the attorney. Consequently, the subrogation provision of the policy issued to the insured by Hartford had no application since it provided only that Hartford would be subrogated "to all the insured's rights of recovery" for any payment made by the company. Hartford cannot recover the costs and expenses incurred by it in defense of the action against its insured under the subrogation clause of the policy. *Fireman's Fund Ins. Co. v. North Carolina Farm Bureau Mut. Ins. Co.*, 269 N. C. 358, 152 S. E. (2d) 513.

As is heretofore stated, Sheila Byrum, in her suit against the insured, demanded damages in excess of the maximum amount which Carolina would, by its policy, have been obligated to pay upon any judgment recovered by her. Hartford, therefore, had an interest of its own to protect in her action and was entitled to employ attorneys, at the time of the institution of the suit, to participate in its defense for that purpose.

Hartford's obligation to defend existed from the time the action was instituted and continued until it fulfilled its obligation under its policy and this included the payment of the items of expense provided for in said policy. The assumption of the defense by Hartford was merely the beginning of the discharge by it of a duty owed to the insured from the beginning. The payment of the cost and expenses in the defense of the Sheila Byrum action was the fulfillment of its contract to the insured. It follows that Hartford has no claim, by way of subrogation or otherwise, to be reimbursed by Carolina for defending the suit as to which it alone had the remaining obligation for the payment of any claim within its policy coverage.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.