19539

ALLSTATE INSURANCE COMPANY, Respondent, v. Grace C. WILSON et al., Appellants.

(193 S. E. (2d) 527)

588

*Joseph R. Young, Esq.,* of *Young, Clement & Rivers,* of Charleston, *for the Appellant,* 

*Robert A. Patterson, Esq.,* of *Barnwell, Whaley, Stevenson &· Patterson,* Charleston, *for Respondent,* 

·December 13, 1972.

Moss, Chief Justice:

This action is one under the "Uniform Declaratory Judgments Act", Section 10-2001 *et seq.,* Code of Laws of 1962. Allstate Insurance Company, the respondent herein, brought this action to determine the extent of its liability, if any, under an automobile liability insurance policy issued to Johnny Adam Evans on August 9, 1962. The policy was in force on June 28, 1963, when the automobile of the policyholder, being driven by his son, was in collision with an

automobile owned by Walter R. Wilson and being operated by his wife, Grace C. Wilson.

Alllstate, by its policy, agreed to pay on behalf of its insured all sums which the insured shall become legally obligated to pay as damages because of injuries sustained by any person arising out of the maintenance, ownership or use of the automobile described in said policy. The policy limited coverage to Johnny Adam Evans, his spouse, and any person driving with their permission. The policy further provided that Allstate would defend any suit alleging bodily injury and seeking damages therefor which were payable under the terms of the policy.

Employers-Commercial Union Companies, the appellant herein, at its request, was joined as a party to the action for the reason that it had issued an automobile liability insurance policy to Walter R. Wilson which contained an uninsured motorist endorsement wherein in contracted to pay to Walter R. Wilson and Grace C. Wilson, within limits all sums which they should legally be entitled to recover as damages from the owner or operator of any uninsured motor vehicle.

The fact of the collision between the Evans' automobile and the Wilson's automobile was reported to the respondent shortly after it occurred and to the appellant during the week it occurred. Allstate investigated the collision, taking statements from Johnny Adam Evans and son, Johnny Lee Evans, wherein they stated that at the time of the collision Johnny Lee Evans did not have permission to drive the automobile. Upon obtaining the foregoing statements, a letter of reservation of rights was sent by Allstate to its insured.

In September, 1965, Walter R. Wilson and Grace C. Wilson each brought an action against Johnny Adam Evans, the insured, and his son Johnny Lee Evans, alleging their damages and injuries as a result of the collision above described. In each of the complaints it was alleged that Johnny Lee Evans was operating the insured motor vehicle with

the permission and consent of his father Johnny Adam Evans, the insured. The answer of the Evanses denied that Johnny Lee Evans was operating the motor vehicle owned by his father with his permission and consent.

The Grace C. Wilson case came on for trial at the 1966 October Term of the Court of Common Pleas for Colleton County before The Honorable T. B. Greneker, and a jury. At the end of plaintiff's testimony the trial judge granted a nonsuit to the father of the defendant on the ground that Johnny Lee Evans was driving the automobile at the time and place in question without permission. Allstate continued to defend the son under a reservation of rights and a verdict was returned against him in favor of the plaintiff. After the verdict, the attorneys for Allstate made a motion for a new trial as to Johnny Lee Evans which was thereafter granted with the consent of counsel for the Wilsons.

At the conclusion of the trial, counsel for the defendants notified the counsel for the Wilsons that there was some serious doubt about coverage. Thereafter, on November 4, 1966, the attorneys for the Wilsons were notified by counsel for Allstate that Allstate would pay no part of the verdict rendered against Johnny Lee Evans because he was not a named insured in the policy and was driving the automobile at the time and place without permission. Thereafter, on April 29, 1969, counsel for the Wilsons served the summons and complaint on the appellant, who had the uninsured motorist's coverage.

This declaratory judgment action came on for trial before The Honorable Robert W. Hayes, Presiding Judge, and a jury, at the 1971 October Term of the Court of Common Pleas for Colleton County. Prior to the trial of this case it was agreed that the claim of the Wilsons would be settled for $9,000 to be paid by whichever party was found to have coverage.

At the close of all of the testimony, the respondent's motion for a directed verdict was granted. The trial judge

found: (1) that the automobile liability insurance policy issued by Allstate to Johnny Adam Evans afforded no coverage to Johnny Lee Evans unless he was operating the automobile with the permission of the named insured; (2) that Johnny Lee Evans, at the time of the collision in question, was operating said motor vehicle without the permission and consent of the named insured; (3) that there was no liability insurance coverage afforded to Johnny Lee Evans under the policy of insurance issued by Allstate and he was an uninsured motorist; (4) that the appellant was properly notified of the claims of Grace C. and Walter R. Wilson and was given adequate and proper notice of the pending tort actions in which they were plaintiffs and participated in the settlement agreement thereof; (5) the appellant is obligated to pay the judgment obtained against Johnny Lee Evans in the amount of $9,000 under its uninsured motorist endorsement.

The appellant gave proper notice of intention to appeal and alleges the trial judge was in error in refusing to hold that Allstate waived its right to rely upon the reservation of rights contained in the letter of January 11, 1965 and is estopped from denying coverage to Johnny Lee Evans.

The allegations in the complaints of the Wilsons brought their claims within the liability coverage afforded to the Evanses, it being alleged therein that Johnny Lee Evans was operating the insured motor vehicle with the permission and consent of his father, Johnny Adam Evans, the insured in the Allstate policy. It was the duty of Allstate to defend these actions because the allegations of the complaint brought the claims within the coverage of its policy.

In the case of *Hartford Acc. & Indem. Co. v. S. C. Ins. Co.,* 252 S. C. 428, 166 S. E. (2d) 762, we said:

"It appears to be well settled that, generally speaking, the obligation of a liability insurance company under a policy provision requiring it to defend an action brought against

the insured by a third party is to be determined by the allegations of the complaint in such action. 50 A. L. R. (2d) 465. Likewise, it is generally recognized that the insurer is under a duty to defend a suit against the insured where the complaint in such suit alleges a state of facts within the coverage of the policy. *Employers Mut. Liability Ins. Co. of Wis. v. Hendrix,* 4 Cir., 199 F. (2d) 53; 41 A. L. R. (2d) 424.

"In the *Hendrix* case the court refers to the case of *Lee v. Aetna Casualty & Surety Co.,* 2 Cir., 178 F. (2d) 750, which set out the clear interpretation of a similar provision in a policy of liability insurance in these words: 'This language means that the insurer will defend the suit, if the injured party states a claim which, *qua* claim, is for an injury "covered" by the policy; it is the claim which determines the insurer's duty to defend.' "

Allstate's obligation to defend existed from the time the actions were instituted and continued until it fulfilled its obligation under its policy, all of which was done under a reservation of rights, notice of which had been given.

The appellant argues that it was deprived of the right to control the defense of the tort actions by the actions of Allstate. Allstate had the right and the duty to control the defense until such time as it was determined that it had no liability insurance coverage. What Allstate did in the defense of the tort actions in no way amounted to a waiver of its reservation of rights.

Under Section 46-750.31 of the Code, it is provided:

"(3) The term 'uninsured motor vehicle' means a motor vehicle as to which

\* \* \*

"(b) there is nominally such insurance, but the insurance carrier writing the same successfully denies coverage thereunder."

Allstate was successful in denying coverage under its liability policy when the trial judge, in the tort action, granted a nonsuit as to Johnny Adam Evans on the ground that the insured motor vehicle was being operated by Johnny Lee Evans without the permission and consent of the insured. It was at that time that Allstate denied coverage under its liability policy and notice thereof was given to the attorneys for the Wilsons. It follows that the motor vehicle being operated by Johnny Lee Evans was an "uninsured motor vehicle" within the meaning of Section 46-750.31 of the Code. It was then the duty of the Wilsons to give proper notice to the appellant that their injury and damage was caused by the operator of an uninsured motor vehicle. The appellant's uninsured motorist endorsement became operative when it was ascertained that the operator of the Evans' automobile was uninsured. *Squires v. Nat'l Grange Mutual Ins. Co.*, 247 S. C. 58, 145 S. E. (2d) 673 and *Gunnels v. American Liberty Ins. Co.*, 251 S. C. 242, 161 S. E. (2d) 822.

The appellant asserts that because of the actions of Allstate it was denied the right to appear and defend the tort actions in the name of the uninsured motorist as was its right under Section 46-750.33 of the Code. This right did not arise until it was determined that the motor vehicle of Johnny Adam Evans was, in fact, an uninsured one, while being operated by Johnny Lee Evans without permission. As is heretofore stated, notice of the denial of coverage was promptly given and thereafter the summons and complaints in the tort actions were served upon the appellant and it had the right then to appear and defend the said actions in the name of the uninsured motorist. The appellant did not avail itself of this right even though the uninsured motorist had been granted a new trial but did join in negotiating the settlement of the claims of the Wilsons and agreed to pay the amount of such in the event its uninsured motorist endorsement was applicable.

We have reviewed the entire record and find no evidence from which it could be concluded that the respondent had waived its reservation of rights or was guilty of any acts which resulted in prejudice to the appellant which would estop Allstate from denying coverage to Johnny Lee Evans, the uninsured motorist.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.