22673

SOUTH CAROLINA INSURANCE GUARANTY ASSOCIATION, Appellant v. Andrew W. BROACH, d/b/a Andy's Aviation, Appellee.

(353 S. E. (2d) 450)

Supreme Court

*George C. Kosko*, Columbia, and *Daphne Sipes*, San Antonio, Tex., *for appellant.*

*Ronald M. Childress*, Columbia, and *Edward E. Saleeby* and *James C. Cox*, Hartsville, *for appellee.*

Heard Jan. 5, 1987.

Decided Feb. 16, 1987.

*Per Curiam:*

The following question has been certified to this Court by the United States Court of Appeals for the Fourth Circuit:

Must an insurer, to avoid liability, show a causal connection between a loss and an exclusion in an aircraft policy, when the exclusion states:

> "The Policy does not apply: . . . to any occurrence or to any loss or damage occurring while the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations,"

and Item 7 of the Declarations states:

> "Pilot Clause: Only the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight: See Endorsement #2,"

and Endorsement #2 states:

> "It is hereby understood and agreed that Item 7 of the policy declarations shall be completed to read as follows:
>
> *Any student, private or commercial pilot. All operations of an aircraft by a student pilot must be under the direct supervision of a properly qualified FAA certified flight instructor, who shall have specifically approved each flight undertaken by the student prior to takeoff."

Appellee's (Broach's) aircraft was lost at sea while being flown by a student pilot who was licensed to fly. The student pilot, however, had not obtained specific approval from his instructor prior to takeoff, within the meaning of the above exclusion, and Appellant (Insurer) denied coverage. The United States District Court entered judgment in favor of Broach, holding that Insurer had failed to show a causal connection between the exclusion and the loss.

The majority rule is that an insurance exclusion is effective whether or not there is any causal connection between the excluded risk and the loss. *E.g.*, *Di Santo v. Enstrom Helicopter Corp.*, 489 F. Supp. 1352 (E.D.Pa.1980) (see cases cited therein). This Court, however, has expressly rejected the majority rule and embraced the "modern trend," holding that an insurance exclusion does not limit coverage unless it is causally related to the loss. *South Carolina Ins. Co. v.*

*Collins,* 269 S. C. 282, 237 S. E. (2d) 358 (1977); *McGee v. Globe Indemnity Co.,* 173 S. C. 380, 175 S. E. 849 (1934). *See Outlaw v. Calhoun Life Ins., Co.,* 238 S. C. 199, 119 S. E. (2d) 685 (1961); *Young v. Life & Cas. Ins. Co. of Tennessee,* 204 S. C. 386, 29 S. E. (2d) 482 (1944); *Smith v. Sovereign Camp, W.O.W.,* 204 S. C. 193, 28 S. E. (2d) 808 (1944); *Bailey v. United States Fidelity and Guaranty Co.,* 185 S. C. 169, 193 S. E. 638 (1937); *Johnson v. South State Ins. Co.,* 288 S. C. 239, 341 S. E. (2d) 793 (1986). This Court has applied the rule to aircraft insurance cases. *South Carolina Ins. Co. v. Collins, supra.*

The rationale of the rule is that "when the parties made the contract of insurance, they were not inserting a mere arbitrary provision, but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded provision." *South Carolina Ins. Co. v. Collins,* 269 S. C. at 291, 237 S. E. (2d) at 361-362. Accordingly, we hold that an insurer must show a causal connection between a loss and an exclusion before the exclusion will limit coverage under the policy.