STATE FARM FIRE AND CASUALTY COMPANY, a Corporation, Plaintiff,

v.

Herbert OLIVER and Grady Byrd, Defendants.

Grady BYRD, Counter-Claimant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a Corporation, Counter-Defendant.

Civ. A. No. H86–0067(GN).

United States District Court, S.D. Mississippi, Hattiesburg Division.

April 7, 1987.

Jon Mark Weathers, Hattiesburg, Miss., for plaintiff.

Terry L. Caves, Laurel, Miss., for defendant Grady Byrd.

John W. Sims, Jr., Laurel, Miss., for defendant Herbert Oliver.

## ORDER

GEX, District Judge.

The above styled and numbered cause was originated when the Plaintiff, State Farm Fire and Casualty Company (State Farm), filed a Complaint for Declaratory Judgment seeking an Order from the Court declaring that the Plaintiff has no obligation to appear and defend a suit nor pay any Judgment rendered against its insured with respect to an action previously filed in the Circuit Court of Jones County, Second Judicial District, Mississippi, against its homeowner and policyholder, Herbert Oliver, by one Grady Byrd who claims to have sustained certain permanent and disabling injuries while upon the premises of the homeowner. The Plaintiff in the Jones County Circuit Court action and one of the Defendants herein filed an Answer to the Complaint and asserted his Counter-Claim for Declaratory Judgment wherein he basically sets forth a position contrary to the position of State Farm. The Defendant in the Jones County Circuit Court action and one of the Defendants herein, Herbert Oliver (the State Farm insured) filed an Answer to the Complaint and denied that State Farm is entitled to the relief requested.

Herbert Oliver was the owner of certain land and appurtenances situated thereon in Jones County, Mississippi. Prior to February 23, 1984, Herbert and Shirly Oliver, his wife, had made application for, paid the requisite premium, and obtained the issuance of a policy of insurance known as a Homeowner's Policy from State Farm, being Policy No. 24–86–5544–9, which was in full force and effect on that date.

Herbert Oliver had requested that one Jimmy Holder come upon his premises and perform certain services in the nature of construction work with respect to his residence. Jimmy Holder in turn requested that Grady Byrd accompany him upon the premises of the homeowner to assist him in performing the construction work previously requested by the homeowner. Both Holder and Byrd were upon the premises of Oliver with his knowledge and permission, and Grady Byrd was on the premises of the homeowner and performing work for the homeowner's benefit at the time of the accident wherein he sustained disabling injuries.

The accident which is identified in the Complaint filed in the Circuit Court of Jones County, Mississippi, occurred on February 23, 1984, on the premises of Herbert Oliver, the homeowner. The homeowner, Jimmy Holder and Grady Byrd were in the process of constructing a carport onto the residence of the homeowner, and specifically were engaged in installing rafters or trusses. They were using a vehicle/machine owned by Herbert Oliver to assist them in raising the rafters/trusses into place; Herbert Oliver was operating the vehicle/machine at the time of the accident. The chain attached to the ginpole assembly on the vehicle/machine would be attached or fixed to a rafter or truss by means of a chain. The ginpole assembly would then be raised with a winch on the vehicle/machine. The vehicle/machine would be backed in towards the carport with the rafters/trusses being suspended in the air and all parties would then set the rafter/truss in place on a high beam and unhook the chain. Herbert Oliver would then move the vehicle/machine forward for the purpose of obtaining another rafter/truss. At the time of the accident the chain attached to the ginpole assembly apparently caught on a rafter/truss and pulled the entire structure down on Grady Byrd as the vehicle/machine moved forward. Grady Byrd sustained serious and permanent injuries as a result of the accident.

Herbert Oliver purchased the vehicle/machine in July or August of 1983 at a auction. The vehicle/machine is a 1964–66 Chevrolet truck, flatbed with an "A" frame and ginpole assembly attached. Herbert Oliver bought the vehicle/machine for the purpose of picking up heavy object around the farm and family residence and, toward that end, Herbert Oliver placed a

40–foot extension pole and operated the pole and cable with a winch attached to the vehicle/machine. The vehicle/machine had no light or seal beams in place on the front of the truck, no tag and no vehicle registration; Herbert Oliver had never driven the vehicle/machine on a public highway or street of Jones County since its original purchase by Oliver but rather had only used the vehicle/machine around and on the farm and family residence. The vehicle/machine was used for farm associated purposes only.

In its quest for a declaration of lack of coverage with respect to Grady Byrd's claim pending in the Circuit Court of Jones County, Mississippi, against Herbert Oliver, State Farm would direct the Court's attention to the following provisions of Herbert Oliver's policy:

a) under the "Definitions" section of the said Homeowner's Policy, and specifically in Section 5. thereof, the policy describes a motor vehicle to be:

" ... a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle.";

b) under Section II—EXCLUSIONS, Section 1., Subsection e., (2), the policy states:

"... that personal liability coverage does not apply to bodily injury or property damages ... arising out of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned, operated, or rented or loaned to any insured...."

The Declaratory Judgment Act provides that, where a case of actual controversy arises, this Court *may*, if federal jurisdiction exists, declare the legal relations of any party seeking such declaration. 28 U.S.C. Section 2201. The district court has broad discretion in deciding whether to grant declaratory relief. *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir.1981). This Court in its discretion declines to entertain the matter and dismisses this declaratory judgment action for the following reasons:

1) The relief asked for presents issues which can be settled before the State Court in the action presently pending and filed prior to the instant action. *See Employer's Liability Assurance Co. v. Mitchell,* 211 F.2d 441, 443 (5th Cir.1954); and,

2) The State Court proceeding provides an adequate alternate forum in which to resolve the issues raised in this declaratory judgment action in light of the existence of Rule 14 and Rule 57 of the Mississippi Rules of Civil Procedure. *See Mission Insurance Company v. Puritan Fashions Corporation,* 706 F.2d 599, 603 (5th Cir. 1983). It is, therefore,

ORDERED AND ADJUDGED that the cross-motions for summary judgment be, and the same are hereby, denied. It is further,

ORDERED AND ADJUDGED that this cause be, and the same is hereby, dismissed without prejudice.