## ALLSTATE INSURANCE COMPANY, Plaintiff,

v.

**Martha G. BEST, Burrell G. Best, a minor over the age of fourteen (14) years, Ronald W. Falkosky, Mary F. Falkosky, Scott Falkosky, a minor over the age of fourteen (14) years, and Grace Retail Corporation, Defendants.**

Civ. A. No. 3:89–1986–15.

United States District Court,
D. South Carolina,
Columbia Division.

Jan. 19, 1990.

Edward W. Laney, IV and Thomas C. Salane, Turner, Padget, Graham & Laney, P.A., Columbia, S.C., for plaintiff.

Ronald E. Alexander, McDonald, McKenzie, Fuller, Rubin & Miller, Columbia, S.C., for Martha G. and Burrell G. Best.

G. Raymond McElveen, Jr., McElveen & McElveen, Columbia, S.C., for Ronald W., Mary F., and Scott Falkosky.

Michael A. Pulliam, Richardson, Plowden, Grier & Howser, Columbia, S.C., for Grace Retail Corp.

## ORDER

HAMILTON, District Judge.

Plaintiff Allstate Insurance Company (Allstate) seeks a declaration that it has no duty to defend or indemnify Ronald W. Falkosky, Mary F. Falkosky, or Scott Falkosky (the Falkosky family) in connection with a personal injury action previously instituted in state court by Martha G. Best, individually, and on behalf of her minor son, Burrell G. Best. 28 U.S.C. §§ 2201, 2202. Jurisdiction is premised upon 28 U.S.C. § 1332(a). The matter is currently before the court upon cross-motions for summary judgment. Rule 56, Fed.R.Civ. Proc.

The personal injury action previously instituted in state court against the Falkosky family arises out of an incident that occurred on or about February 15, 1986. That suit was instituted on May 2, 1989, whereas the present declaratory judgment action was filed on August 9, 1989. Apparently, Burrell Best was severely injured while riding a Honda CR–80 motorbike on a vacant lot approximately two blocks from the residential premises owned and occupied by the Falkosky family. It is undisputed that the Honda CR–80 at issue con-

stitutes a motorized land vehicle designed principally for recreational use off public roads (motorbike), and that this vehicle was owned by the Falkosky family at the time of the incident. On the date of this occurrence, the Falkosky family was insured under a Deluxe Homeowners Policy (policy) issued by Allstate.

Allstate contends that it has no duty to defend the Falkosky family in the underlying state court action because the policy allegedly excludes coverage for injuries caused by use of a motorbike where it is owned by an insured person and is being used away from the insured premises. Defendants contend Allstate has not demonstrated that the bodily injuries suffered by Burrell Best arose out of an excepted risk under the terms of the policy. Specifically, the defendants maintain that Allstate cannot avoid its duty to defend because the underlying state court complaint alleges negligence occurring on the insured premises (negligent maintenance and negligent failure to warn). As such, the defendants argue that negligence in "maintenance" is a separate coverage term not limited by the language excluding coverage for "use" of a motorbike away from the insured premises. Alternatively, defendants submit that Allstate must defend the Falkosky family in the underlying state court action because it has not demonstrated the existence of a causal connection between the alleged exclusion and the loss at issue in the pending state court action.

The present declaratory judgment action brought under 28 U.S.C. §§ 2201 and 2202 raises several important considerations of South Carolina insurance law and policy. First, does an insurer have an obligation to defend its insured under a homeowner's insurance policy for bodily injuries arising out of the use of the excepted instrumentality away from the insured premises where the underlying complaint alleges that negligent conduct occurring on the insured premises proximately caused the accident, notwithstanding the presence of a clear and unambiguous exclusion for bodily injuries arising out of the use of the instrumentality away from the premises? Second, if a duty to defend fails to arise from the terms and conditions of the contract of insurance itself, does the insurer nevertheless have an obligation to defend where no causal connection exists between the excluded risk and the loss?[1] Thus, a declaration on the question of whether Allstate is obligated to defend the Falkosky family in the previously instituted personal injury lawsuit would require this court to speculate on important, unsettled questions of State substantive law.

The policy generally provides coverage for each person who sustains bodily injury off the insured premises where such injury "is caused by the activities of an *insured person....*" Policy, p. 25 (emphasis in original). Section II of the policy, however, entitled "Family Liability and Guest Medical Protection," contains identical exclusionary language under Coverage X, Family Liability Protection, and Coverage Y, Guest Medical Protection. These provisions provide in pertinent part:

LOSSES WE DO NOT COVER:

. . . . .

5. We do not cover *bodily injury* arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motorized land vehicle or trailer. However, this exclusion does not apply to:

. . . . .

---

1. Of course, the premium charged for an insurance policy is a function of the primary risks borne by the insurer, *see Aetna Casualty and Surety Company v. American Manufacturers Mutual Insurance Company*, 261 Ark. 326, 547 S.W.2d 757 (1977) (In Banc); 7A J.A. Appleman & J. Appleman, *Insurance Law and Practice* § 4500.04 (1979), as determined from the policy itself in accordance with general rules of contract construction. *Tobin v. Beneficial Standard Life Insurance Company*, 675 F.2d 606, 608 (4th Cir.1982) (interpreting South Carolina law). A major criticism of the causal connection requirement is that it introduces a potentially unlimited causal requirement of tort theory and practice into what is essentially a contractual arrangement to provide insurance. *See, e.g., Myers v. Ocean Accident & Guarantee Corp.*, 99 F.2d 485, 491 (4th Cir.1938) (did not apply causal connection requirement because rights flow from contract and not from a claim arising in tort).

b) any motorized land vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an *insured person* and is being used away from an *insured premises;*

. . . .

Policy, pp. 23, 25 (emphasis in original).

 Under South Carolina law the construction and interpretation of an insurance policy should be determined as a matter of law by the court. *Hann v. Carolina Casualty Ins. Co.*, 252 S.C. 518, 167 S.E.2d 420, 423 (1969). The obligation of an insurance company to defend an action, furthermore, must be determined by the allegations of the underlying third party complaint. *R.A. Earnhardt Textile Machinery Division, Inc. v. South Carolina Ins. Co.*, 277 S.C. 88, 282 S.E.2d 856, 857 (1981); *Baker v. American Ins. Co.*, 324 F.2d 748, 750 (4th Cir.1963). The insurer is under a duty to defend where the complaint alleges a state of facts which falls within the policy coverage. *Hartford Accident and Indemnity Co. v. South Carolina Ins. Co.*, 252 S.C. 428, 166 S.E.2d 762, 765 (1969); *General Ins. Co. of America v. Palmetto Bank*, 268 S.C. 355, 233 S.E.2d 699, 701 (1977). Likewise, if the alleged facts fail to bring the case within the policy coverage, the insurer has no obligation to defend. *R.A. Earnhardt*, 282 S.E.2d at 857; *Stroup Sheet Metal Works, Inc. v. Aetna Casualty & Surety Co.*, 268 S.C. 203, 232 S.E.2d 885, 888–89 (1977).

 Reference to the insurance policy itself is essential to determine whether a duty to defend arises in a particular case. In making this determination, exclusions in an insurance policy are "construed most strongly against the insurer." *Boggs v. Aetna Casualty and Surety Co.*, 272 S.C. 460, 252 S.E.2d 565, 568 (1979); *Preferred Risk Mutual Ins. Co. v. Thomas*, 372 F.2d 227, 231 n. 3 (4th Cir.1967). The insurer also bears the burden of proving the existence and applicability of the exclusion. *Boggs*, 252 S.E.2d at 568. Consequently, "where language used in an insurance contract is ambiguous, or where it is capable of two *reasonable* interpretations, that construction which is most favorable to the

insured will be adopted." *Edens v. South Carolina Farm Bureau Mutual Ins. Co.*, 279 S.C. 377, 308 S.E.2d 670, 671 (1983) (emphasis added). Nevertheless, this rule of construction "does not justify abandoning principles of normal interpretation where the contract is clear, or taking such a construction as would vary the true meaning of the contract and the intention of the parties." 13 Appleman, *supra*, p. 3, § 7402. In other words, courts should not torture the meaning of the policy to extend coverage not intended by the parties. *General Ins. Co.*, 233 S.E.2d at 701–02.

The parameters of coverage envisioned by this precise exclusion in a homeowner's policy were addressed in *Allstate Ins. Co. v. Goldwater*, 163 Mich.App. 646, 415 N.W.2d 2 (1987). In support of its holding to exclude coverage for an accident occurring near the insured premises, the court stated:

> Although the language of paragraph 5 may initially appear confusing, we do not find it to be ambiguous; it clearly excludes coverage for an accident involving a motorized land vehicle designed for recreational use off public roads, owned by an insured, that occurred away from the residence premises.

*Id.* Where, as here, plaintiffs in the underlying suit have attempted to bypass this contractual limitation through allegations that negligence occurred on the premises (whether negligent entrustment, maintenance, etc.) which allegedly causes bodily injury away from the insured premises, courts have split on the issue of whether similar exclusions preclude coverage for the loss. *Compare Bankert v. Threshermen's Mutual Ins. Co.*, 110 Wis.2d 469, 329 N.W.2d 150 (1983), *Farmers Ins. Group of Oregon v. Nelsen*, 78 Or.App. 213, 715 P.2d 492 (1986), *Safeco Ins. Co. v. Gilstrap*, 141 Cal.App.3d 524, 190 Cal.Rptr. 425 (1983), *Cooter v. State Farm Fire and Casualty Co.*, 344 So.2d 496 (Ala.1977), *Fidelity & Guaranty Underwriters v. McManus*, 633 S.W.2d 787 (Tex.1982) (lists cases), and *Aetna Casualty and Surety Co., supra, with McDonald v. Home Ins. Co.*, 97 N.J.Super. 501, 235 A.2d 480 (1967),

*Lalomia v. Bankers & Shoppers Ins. Co.,* 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), and *Upland Mutual Ins., Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974). Although most of these cases have dealt with negligent "entrustment," the same inquiry would be appropriate for allegations of negligent "maintenance." In either event, plaintiff is attempting to demonstrate a causal link between activities conducted on the insured premises and an occurrence away from the property.

The plain meaning of the contested provision appears to provide coverage for bodily injury or property damage arising out of motorized land vehicles such as a motorbike *unless* the vehicle is owned by an insured person and is being used away from the insured premises. Consequently, coverage would apparently be denied where, as here, the instrumentality is owned by the insured and is being used away from the insured premises at the time of the occurrence which gives rise to the loss. Defendants' argument that the exclusion only precludes coverage for loss resulting from "use" of the instrumentality away from the premises, as opposed to negligent "maintenance" occurring on the premises, does not appear persuasive in light of the express language of the provision itself. Specifically, after excluding coverage for "bodily injury arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motorized land vehicle," the provision states that *"this"* exclusion does not apply . . ." to seven specified exceptions to the exclusion, namely (a) through (g) (including the exception at issue in the present case, (b) ). Obviously, the term "this," inserted immediately after a complete listing of the excluded risks (*i.e.,* ownership, maintenance, etc.), modifies the entire list of excluded risks. Significantly, the disjunctive term "or" is used within the list of excluded risks and, in any event, use of the term "this" signifies an intention to refer to the entire exclusionary clause it modifies.

But even were this court to conclude that the allegations of the underlying state court complaint fail to bring the loss within policy provisions, and thus serve to relieve Allstate of any contractual duty to defend the Falkosky family, South Carolina courts have never determined whether an insurer, to deny coverage, must also demonstrate a "causal connection" between the excluded risk and a loss arising from a risk not ordinarily borne by that type of coverage. In a line of cases beginning with *Reynolds v. Life & Casualty Co. of Tennessee,* 166 S.C. 214, 164 S.E. 602 (1932), the Supreme Court of South Carolina has consistently held that recovery cannot be defeated under policy provisions restricting or limiting liability unless some causative connection is shown between an excluded risk and the loss. Admittedly, the early cases appear to manifest a desire to avoid forfeiture where the insured has violated a technical condition precedent to enforceability of the contract of insurance. *See, e.g., McGee v. Globe Indemnity Co.,* 173 S.C. 380, 175 S.E. 849 (1934) (policy provision stated that coverage would not apply where automobile is used or maintained by person under sixteen; court upheld coverage for accident involving insured's fifteen year old son because, in its view, the age of the driver had no causal relation to the occurrence of the accident); *Bailey v. United States Fidelity & Guaranty Co.,* 185 S.C. 169, 193 S.E. 638 (1937) (same rule applied to provision which purported to exclude coverage where automobile was operated by any person under the legal driving age or fourteen years). Nonetheless, although the causal connection requirement has been applied in more recent cases, *Young v. Life & Casualty Co. of Tennessee,* 204 S.C. 386, 29 S.E.2d 482 (1942), *Outlaw v. Calhoun Life Ins. Co.,* 238 S.C. 199, 119 S.E.2d 685 (1961), it has apparently never been used to provide coverage where the type of policy at issue would not ordinarily provide coverage for the occurrence which gave rise to the loss. Use of the causal connection requirement to afford coverage for a loss arising from an occurrence not within the primary risks ordinarily associated with that type of policy (*e.g.,* under homeowner policy rather than general liability or automobile policy) would conflict with the fundamental prem-

ise of insurance law that "liability insurance is generally written for a specific hazard in order to enable the underwriter to calculate premiums on some equitable as well as predictable basis." 7A Appleman, *supra,* p. 3, § 4500.04, at 209.

The State Supreme Court has apparently never addressed this precise question. However, the court recently reaffirmed the causal connection requirement in *South Carolina Ins. Guaranty Assoc. v. Broach,* 291 S.C. 349, 353 S.E.2d 450 (1987). There, the United States Court of Appeals for the Fourth Circuit certified the question of whether an insurer, to deny coverage under a policy of insurance, must show a causal connection between a loss and an exclusion in an aircraft policy which provided generally that loss or damage occurring while the insured aircraft was operated by a student pilot was not covered unless he or she was supervised by a properly qualified FAA certified flight instructor. While acknowledging that the majority rule did not require an insurer to prove a causal connection between the excluded risk and the loss, the State Supreme Court nevertheless held that, under South Carolina law, an insurance exclusion did not limit coverage unless it is causally related to the loss at issue. In support of its decision, the court restated the rationale for the causal connection requirement:

> [W]hen the parties made the contract of insurance, they were not inserting a mere arbitrary provision, but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded provision.

353 S.E.2d at 451 (quoting *South Carolina Ins. Co. v. Collins,* 269 S.C. 282, 291, 237 S.E.2d 358, 361–62 (1977)). Perhaps most important, the court did not expressly limit application of the causal connection requirement to losses arising out of the primary risks ordinarily assumed by an insurer in that type of policy.

Adherence to *Broach* would possibly require this court to ignore the clear and unambiguous meaning of the provision at issue and afford coverage for a risk which was apparently expressly excepted under the policy. Perhaps even more significant, unrestricted application of the causal connection requirement would render most exclusions inoperative unless the insurer could demonstrate some causal relation between the excluded risk and the loss. Thus, application of the doctrine could cause absurd results where, as here, it is used to create coverage which is not ordinarily afforded by a homeowner's policy. *See, e.g., Aetna Casualty and Surety Co.,* 547 S.W.2d at 758 (vehicle accidents occurring off the premises are "best covered by general liability insurance or motor vehicle insurance available for a premium that considers the primary risk involved.").

Allstate does not seek a coercive remedy in the present case. Rather, it seeks a declaration that it has no obligation to defend the Falkosky family in the underlying state court suit. Nevertheless, even where an independent jurisdictional basis has been demonstrated, federal courts retain discretion to refuse to hear and determine a declaratory judgment action. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620 (1942). Federal decisions have not been uniform on the question of whether a federal district court should refuse to determine the merits of a declaratory judgment action where the same issues are involved in a previously instituted state court action between the same parties.[2] *Compare Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321 (4th Cir.1937), *E.W. Bliss Co. v. Cold Metal Process Co.,* 102 F.2d 105 (6th Cir.1939), and *Brooks Transportation Co. v. McCutcheon,* 154 F.2d 841 (D.C.Cir.1954) *with Chicago Furniture Forwarding Co. v. Bowles,* 161 F.2d 411 (7th Cir.1947) and *State Farm Mutual Auto. Ins. Co. v. Bonwell,* 248 F.2d 862 (8th Cir.1957). Presently, the underlying state court action was filed more than

**2.** Of course, the mere absence of the insurer as a named party in the underlying state suit does not preclude reliance on the *Brillhart* doctrine in the present action because Allstate has a legal duty to defend the Falkosky family if the complaint alleges a state of facts which fall within the coverage of the policy. *Hartford Accident and Indemnity Co.,* 166 S.E.2d at 765.

three months prior to institution of the present declaratory relief action.

 In addition to the tardiness of the present declaratory judgment action, however, it is obvious that determination of the unsettled and important questions of State substantive law already discussed should proceed in the pending state court action, especially where, as here, there exists no federal interest whatsoever in their ultimate resolution. *Ohio Casualty Co. v. Jackson County Bank*, 562 F.Supp. 1165, 1172 (W.D.Wis.1983). In exercising its discretion on whether to hear and determine the merits of a declaratory judgment action, the court's duty is to properly balance the plaintiff's need for declaratory relief against "the consequences of giving the desired relief." 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2759, at 645–46. Obviously, the need to ensure a surer-footed reading on substantial questions of State law outweighs any inconvenience Allstate may suffer in having to assert their defense in the underlying state court proceeding.

■ Where an action against its insured is already pending in state court, an insurer may utilize federal declaratory relief to determine whether it has an obligation to defend only under exceptional circumstances. *See Quarles, supra.* Indeed, a pending state action against the insured provides an adequate forum in which to resolve the issue of whether an insurer is obligated to defend the insured under the terms of a homeowner's policy, and has been used, standing alone, as an appropriate basis to refuse to hear and determine a federal declaratory action. *State Farm Fire and Casualty v. Oliver*, 659 F.Supp. 478, 480 (S.D.Miss.1987). The propriety of federal declaratory relief has also been questioned where the only questions arise out of state substantive law and it is not suggested "that the state court is not in a position to define its own law in a fair and impartial manner." *Carey v. East Detroit*

*Jaycees, Inc.*, 660 F.Supp. 1577, 1578 (E.D. Mich.1987) (quoting *American Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir.1986)). Because the present case raises substantial questions of State substantive law, there exists sufficient justification for this court to decline to hear and determine the present claim. Additionally, there is no suggestion in the present record that the question of whether Allstate has a duty to defend could not be impartially and expeditiously handled in the previously instituted state court action.[3]

Based on the foregoing reasoning and cited authorities, the court is constrained to exercise its discretion to refuse to hear and determine the present declaratory judgment action.

IT IS SO ORDERED.

---

3. Of course, by defending the state court action Allstate is "in no way to be denied the right to reserve the question of coverage and is not to be deemed estopped from so doing." *Dairyland Ins. Co. v. Frith*, 419 F.2d 1325 (5th Cir.1970).

In any event, Allstate retains the ability under South Carolina law to defend the underlying personal injury action under a reservation of rights. *See, e.g., Allstate Ins. Co. v. Wilson*, 259 S.C. 586, 193 S.E.2d 527, 530 (1972).