353 So.2d 646 (1977)
SOUTHERN INTERNATIONAL CORP., Appellant,
v.
POLY-URETHANE INDUSTRIES, INC. and Foremost Insurance Co., Appellees.
No. 76-2050.
District Court of Appeal of Florida, Third District.
December 27, 1977.
*647 Richard M. Welsh & Associates, Joe N. Unger, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellees.
Before HAVERFIELD, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from a final judgment, entered on October 7, 1976, by the trial court sitting non-jury, determining that under a general liability insurance policy issued by appellee Foremost Insurance Company to appellee Poly-Urethane Industries, Inc., both defendants below, the claims made by appellant constituted one occurrence under the policy, thereby, limiting liability to $10,000. We agree with the trial court's determination; therefore, the final judgment appealed is affirmed.
This case arises out of a contract between appellant and appellee Poly-Urethane Industries, Inc. (hereinafter referred to as Poly-Urethane), for the application of a poly-urethane sealant to the roofs of part of a condominium complex known as Palm West Gardens Condominium located at 1910, 1950, and 1990 West 56th Street, Hialeah, Florida, owned by appellant. Pursuant to the contract, appellee Poly-Urethane applied a sealing substance to the roofs of each of these buildings, completing the application around January of 1973. Several months later, various tenants of these buildings began experiencing leaks in the roofs. Appellee Poly-Urethane does not contest responsibility for the damage nor is it contested that the damages are covered by the policy of insurance issued by appellee Foremost Insurance Company.
The policy is a comprehensive general liability policy which provides coverage for bodily injury or property damage caused by the application of the sealant. For any such damage, it provides $10,000 coverage for "each occurrence" and $25,000 for the "aggregate." In the definition section of the policy, the term "occurrence" is defined as follows:
"For the purposes of determining the limit of the company's liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions, shall be considered as arising out of one occurrence."
*648 During the course of the trial and by this appeal, appellant argues that, because several roofs were sealed pursuant to the contract, the leakage of each roof was a separate occurrence and, therefore, the aggregate coverage under the policy of $25,000 should apply. Appellees argue, and the trial court agreed as reflected in its final judgment, that the application of the sealant to the several roofs under the contract constituted one event and appellant's damages were the result of a single "occurrence", as that term was defined in the policy, thereby, making $10,000 the applicable policy limit.
Neither appellant nor appellees have cited any Florida authority, nor have we been able to locate any, on the basic point raised by this appeal, i.e., whether, under the facts of this case, appellee Poly-Urethane's application of the sealant constituted a single "occurrence" as that term is defined in the insurance policy. However, our attention is called to Annot., 55 A.L.R.2d 1300 (1957), which contains persuasive authority from analogous cases in other jurisdictions. From our study of these cases and a careful review of the record in the instant case, we have concluded that the trial court properly found that the actions of appellee Poly-Urethane were a single "occurrence" as the term was defined in the policy. See, e.g., St. Paul Mercury Indemnity Company v. Rutland, 225 F.2d 689 (5th Cir.1955); Union Carbide Corp. v. Travelers Indemnity Company, 399 F. Supp. 12 (D.Pa. 1975); Tri-State Roofing Company v. New Amsterdam Casualty Company, 139 F. Supp. 193 (D.Pa. 1955); Lombard v. Sewerage and Water Board of New Orleans, 284 So.2d 905 (La. 1973); and Wilkinson & Sons, Inc. v. Providence Washington Insurance Company, 124 N.J. Super. 466, 307 A.2d 639 (1973). Therefore, the final judgment entered by the trial court against appellees is affirmed.
Affirmed.