435 So.2d 414 (1983)
AMERICAN INDEMNITY COMPANY, Appellant,
v.
Mike McQUAIG, et al., Appellees.
No. 82-1372.
District Court of Appeal of Florida, Fifth District.
August 4, 1983.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
John M. Green, Jr. of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellees McQuaig.
Robert W. Batsel of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellee Croskey.
FRANK D. UPCHURCH, Jr., Judge.
American Indemnity Company appeals from a final summary judgment declaring rights under a homeowner's insurance policy issued to Clarence Croskey.
On November 4, 1980, deputy sheriffs Willard Pope and Mike McQuaig responded to an incident at Croskey's residence where several shots had been reported fired. After attempts to convince Croskey to surrender *415 failed, McQuaig and Pope attempted to throw tear gas canisters into his residence. Croskey responded by firing three shots. The first struck Pope. About one minute later, a second blast struck Pope and McQuaig. A third blast forty-five seconds to a minute later struck McQuaig and inflicted most of the injuries and damages sustained by him.
The homeowner's policy which insured Croskey provided for liability coverage in the amount of $100,000 for each occurrence. A claim was filed by Pope and American Indemnity paid him $100,000 in settlement of his claim. In doubt as to their right to payment from American Indemnity, the McQuaigs filed this action seeking a determination that the homeowner's policy had not been exhausted by the payment to Pope. The court below held that each shotgun blast was a separate occurrence for which American Indemnity was liable. We agree and affirm.
As was noted above, the policy provided personal liability coverage in the amount of $100,000 for "each occurrence." The policy itself did not define the term "occurrence." It is therefore necessary to look elsewhere for appropriate definitions.
The majority of jurisdictions employ the "cause theory" to determine whether more than one "occurrence" has taken place for purposes of liability insurance.[1]Bartholomew v. Ins. Co. of North America, 502 F. Supp. 246 (D.C.R.I. 1980), aff'd, 655 F.2d 27 (1st Cir.1981); Olsen v. Moore, 56 Wis.2d 340, 202 N.W.2d 236 (1972). See Annot., 55 A.L.R.2d 1300 (1957). Using this analysis, the inquiry is whether "there was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damages." Bartholomew, 502 F. Supp. at 251; Olsen, 202 N.W.2d at 240; Truck Insurance Exchange v. Rohde, 49 Wash.2d 465, 303 P.2d 659, 662 (1956). The court below utilized this approach in rendering its decision.
American Indemnity does not question the application of the "cause theory" here but rather argues there was only one occurrence because the injuries were caused by one instrumentality of danger, the shotgun; they were caused in one very specific location and they occurred in one brief time period of less than two minutes duration. To support its contention that only one occurrence took place, American Indemnity cites, among others, the following: Southern Intern. Corp. v. Poly-Urethane Ind., Inc., 353 So.2d 646 (Fla. 3d DCA 1977) (application of polyurethane to several roofs one occurrence); Appalachian Ins. Co. v. Liberty Mutual Ins. Co., 676 F.2d 56 (3d Cir.1981) (discrimination against numerous employees one occurrence); St. Paul-Mercury Indemnity Co. v. Rutland, 225 F.2d 689 (5th Cir.1955) (truck colliding with train, damaging sixteen cars belonging to fourteen owners, is one occurrence); Bartholomew v. Ins. Co. of North America, 502 F. Supp. 246 (D.C.R.I. 1980) (defective car wash unit, which intermittently caused property damage to customers' cars, produced one occurrence); Truck Insurance Exchange v. Rohde, 49 Wash.2d 465, 303 P.2d 659 (1956) (injuries to three motorcyclists from motorist who veered into echelon one occurrence); Olsen v. Moore, 56 Wis.2d 340, 202 N.W.2d 236 (1972) (one occurrence where insured's vehicle struck two vehicles). In each of these cases, however, there was a single force, that once set in motion caused multiple injuries. Analogous to this would be if a single shot had injured both McQuaig and Pope. This was not the case. A shot was fired and Pope was injured. There was a time interval of approximately two minutes before another shot was fired which inflicted most of McQuaig's injuries.
American Indemnity's argument that Croskey's insanity was the single cause of all the injuries is likewise without merit. While it is true that but for his insanity, Croskey's act would have been intentional *416 and hence excluded under the terms of the policy,[2] it does not follow that his insanity was the proximate cause of McQuaig's injuries. American Indemnity did not incur any liability because of Croskey's insanity but rather liability attached when Croskey fired the shots which resulted in injury to the two deputies. While Croskey's insanity may have been a factor, it is clear that the proximate cause of Pope's injuries was the shotgun blasts which struck him and the proximate cause of McQuaig's injuries was the shotgun blasts which struck him. Under the cause theory, there was not "one proximate, uninterrupted, and continuous cause which resulted in the injuries and damages" but rather three separate causes.[3] Thus, the court correctly determined that there were three separate occurrences for which American Indemnity is liable.
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] Under the minority view, or "effect" theory, the courts have held that the "per accident" clause in insurance policies is to be construed as referring to the result or effect of the accident on the persons injured or damaged and not as referring to the cause of the accident. See Annot., 55 A.L.R.2d at 1303.
[2] See George v. Stone, 260 So.2d 259 (Fla. 4th DCA 1972).
[3] Had Croskey shot Pope, then left, and hours or days later shot McQuaig, there would be little argument that this was more than one occurrence. The only difference is that here, the time interval was relatively short.