807 So.2d 171 (2002)
NEW HAMPSHIRE INSURANCE COMPANY, Appellant,
v.
RLI INSURANCE COMPANY, Appellee.
No. 3D00-1340.
District Court of Appeal of Florida, Third District.
February 13, 2002.
Marlow, Connell, Valerius, Abrams, Adler & Newman and William G. Edwards, Miami, and Rosemary B. Wilder, Fort Lauderdale, for appellant.
Thomas E. Tookey, for appellee.
Before JORGENSON, LEVY and SHEVIN, JJ.
SHEVIN, Judge.
New Hampshire Insurance Company appeals an "Order Granting Partial Summary Judgment Limited to the Issue of Coverage Available." We affirm.
The sole issue on appeal is whether the incidents which gave rise to this litigation constitute one occurrence, or multiple occurrences, as that term is defined in New Hampshire's policy.[1] All liability issues have been resolved already by settlement. As the trial court properly found, there were three "occurrences" here. The aggressor fired three shots, at separate times, and injured three separate persons, killing two. "The act which causes the damage constitutes the occurrence." Phillips v. Ostrer, 481 So.2d 1241, 1247 (Fla. 3d DCA 1985). There were three separate acts of shooting, causing three separate injuries to three separate persons in three separate instances. This is not a case with one proximate, uninterrupted continuing *172 cause resulting in the deaths and injuries, but rather three separate causes. Here, as in American Indemnity Co. v. McQuaig, 435 So.2d 414 (Fla. 5th DCA 1983), New Hampshire did not incur any liability because of the aggressor's residence, but rather liability attached when the aggressor fired three shots which resulted in injury to the three victims. Hence, the trial court correctly ruled that three separate "occurrences" had transpired for which New Hampshire was liable.
We certify this issue to the Florida Supreme Court as one of great public importance in view of its consideration of Koikos v. Travelers Ins. Co., 240 F.3d 1331 (11th Cir.2001), review granted, Case No. SC01-301 (oral argument Nov. 8, 2001).
Affirmed.
JORGENSON and SHEVIN, JJ., concur.
LEVY, Judge (dissenting).
I respectfully dissent.
The majority's reliance on American Indemnity Co. v. McQuaig, 435 So.2d 414 (Fla. 5th DCA 1983), is misplaced because McQuaig is clearly distinguishable from the instant case. In McQuaig, the insured party was the homeowner whose wrongful acts consisted of firing three shots at the officers who responded to the incident at his residence. See McQuaig, 435 So.2d at 414-15. In the instant case, however, the insured party is the condominium complex whose wrongful act, if any, consisted of permitting Mr. Ahern to reside in the complex. As stated by the majority, "[t]he act which causes the damage constitutes the occurrence." Phillips v. Ostrer, 481 So.2d 1241, 1247 (Fla. 3d DCA 1985). Here, the "occurrence" is the condominium complex's single act of permitting Mr. Ahern to reside there. Thus, the trial court erred in ruling that three separate "occurrences" had transpired for which New Hampshire was liable.
NOTES
[1] "`Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."