ORFINGER, C.J.
Marqui Cook, Tiffany Oliver, and Nikole Brown, all minors, attended a party at the Meek residence, which is insured by Citizens Property Insurance Company. According to the complaint filed in the case, the Meeks served or allowed alcoholic beverages to be served to the minors at the party in violation of section 856.015, Florida Statutes (2008). The minors became intoxicated, drove away from the party in a motor vehicle, and were involved in a serious car crash, resulting in the deaths of Ms. Cook and Ms. Oliver and serious injuries to Ms. Brown.
The personal representatives of the estates of Ms. Cook and Ms. Oliver (collectively, “Appellees”), filed a declaratory action against Citizens and its insureds, seeking a judicial decree interpreting the term “occurrence” in the Citizens insurance policy insuring the Meeks’ home. Appellees contended that under the policy, the $100,000 per occurrence limit applied to each drink consumed by each of the deceased minors in addition to a separate occurrence for the negligence of the Meeks for “allowing the minors to become intoxicated, and then to leave the Meek residence operating a motor vehicle while in an intoxicated state.” Citizens disagreed, arguing that there was only one occurrence, the ear crash. Both Citizens and Appellees moved for judgment on the pleadings. Relying on Koikos v. Travelers Insurance Co., 849 So.2d 263 (Fla.2003), the trial court ruled that “the complaint alleges multiple ‘occurrences’ under the Policy.” We conclude that there was only one occurrence, and therefore, reverse the final judgment.
We review the trial court’s interpretation of an insurance policy de novo. Trout v. Apicella, 79 So.3d 947, 948 (Fla. 5th DCA 2012); State Farm Mut. Auto. Ins. Co. v. Parrish, 873 So.2d 547, 549 (Fla. 5th DCA 2004). Insurance policies must be construed according to their plain language. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003); Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000); see Thomas v. Prudential Prop. & Cas., 673 So.2d 141, 142 (Fla. 5th DCA 1996) (indicating that when interpreting insurance contract, it “must be read in light of the skill and experience of ordinary people, and given [its] everyday meaning”). However, if the policy language is susceptible to two reasonable interpretations — one providing coverage, the other limiting coverage — the policy is ambiguous. Ambiguous policy provisions are construed in favor of coverage and against the insurer. Flores v. Allstate Ins. Co., 819 So.2d 740, 744 (Fla.2002); Anderson, 756 So.2d at 34.
In relevant part, the liability portion of the Citizens homeowner’s insurance policy provides:
COVERAGE E — Personal Liability
If a claim is made or a suit is brought against an insured for damages based on “bodily injury” or “property damage” caused by an “occurrence” to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which the “insured” is legally liable....
[[Image here]]
SECTION II — CONDITIONS
*481 1. Limit of Liability
a. Our total liability under Coverage E for all damages resulting from any one “occurrence” will not be more than the Coverage E limit of liability shown in the Declarations. This limit is the same regardless of the number of “insureds,” claims made or persons injured.
All “bodily injury” and “property damage” resulting from one accident or from continuous or repeated exposure to substantially the same general harmful conditions will be considered to be the result of one “occurrence.”
As in Koikos, which both parties cite to support their arguments, the Citizens’s policy defines an “occurrence” as “an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. ‘Bodily injury’; or b. ‘Property damage.’” The term “accident” is not defined under the policy.[1]
The dispute here centers on what constitutes an “occurrence” under the Citizens policy. Citizens argues that there was only one occurrence for coverage purposes — the car crash. Appellees agree that the crash was an “occurrence,” but relying on Koikos and this Court’s decision in American Indemnity Co. v. McQuaig, 435 So.2d 414 (Fla. 5th DCA 1983), contend that the trial court properly determined that each alcoholic drink served or allowed to be served to Ms. Cook and Ms. Oliver at the Meek residence was a separate “occurrence” for which the Meeks and Citizens are liable.
In McQuaig, the insured, who claimed insanity, fired three shots from a shotgun, within a two-minute period. Two of the blasts struck Officer McQuaig, while the third shot struck another officer. 435 So.2d at 415. In agreeing with the insured that each shot constituted a separate occurrence, this Court explained the cause theory, holding:
American Indemnity does not question the application of the “cause theory” here but rather argues there was only one occurrence because the injuries were caused by one instrumentality of danger, the shotgun; they were caused in one very specific location and they occurred in one brief time period of less than two minutes duration. To support its contention that only one occurrence took place, American Indemnity cites, among others, the following: Southern Intern. Corp. v. Poly Urethane Ind., Inc., 353 So.2d 646 (Fla. 3d DCA 1977) (application of polyurethane to several roofs one occurrence).... In each of these eases, however, there was a single force, that once set in motion caused multiple injuries. Analogous to this would be if a single shot had injured both McQuaig and Pope. This was not the case. A shot was fired and Pope was injured. There was a time interval of approximately two minutes before another shot was fired which inflicted most of McQuaig’s injuries.
Id. In rejecting the argument that the insured’s insanity was the cause of all the injuries, this Court explained:
American Indemnity did not incur any liability because of Croskey’s insanity but rather liability attached when Cros-key fired the shots which resulted in injury to the two deputies. While Cros-key’s insanity may have been a factor, it is clear that the proximate cause of Pope’s injuries was the shotgun blasts which struck him and the proximate cause of McQuaig’s injuries was the shotgun blasts which struck him.
*482 Id. at 416. Thus, we concluded that each of the three shotgun blasts fired at the two deputy sheriffs was a separate occurrence under the homeowner’s insurance policy because each blast caused immediate injury.
In Koikos, two people were shot by an assailant who fired multiple times in a restaurant. They filed separate lawsuits against Koikos, the restaurant’s owner, claiming that he negligently failed to provide adequate security at his restaurant. Koikos, in turn, sued his insurer, Travelers, in a declaratory judgment action. Koikos argued in favor of finding multiple occurrences under the policy, contending that the determination of the number of occurrences should be based on the immediate cause of injuries — the gunshots. In contrast, Travelers argued that the focus should be on Koikos’s underlying negligence — his alleged failure to provide appropriate security. Id. at 265, 267. The supreme court held that the proper focus should be on “the act that causes the damage,” the gunshots, not Koikos’s failure to protect his patrons. “Focusing on the immediate cause — that is the act that causes the damage — rather than the underlying tort — that is the insured’s negligence — is also consistent with the interpretation of other forms of insurance policies.” Id. at 271. In its opinion, the supreme court agreed with McQuaig and concluded that consistent with the “cause theory,” an “occurrence” is the immediate injury-producing act and not the underlying tortious omission. Id. at 271. Using this approach, the court held that the gunshots that struck the plaintiffs, not the insured’s negligence in failing to provide security, were the immediate cause of the injuries. Id. Consequently, “[t]he act which causes the damage constitutes the occurrence.” Phillips v. Ostrer, 481 So.2d 1241, 1247 (Fla. 3d DCA 1985); see New Hampshire Ins. Co. v. RLI Ins. Co., 807 So.2d 171,172 (Fla. 3d DCA 2002). In Koikos, the gunshots, not the negligent security, directly caused the injury to the plaintiffs. In McQuaig, again, the gunshots, and not the insanity of the shooter, were found to be the immediate cause of injury to the plaintiffs. Similarly here, the “immediate cause” of Ms. Cook’s and Ms. Oliver’s deaths was the car crash, not the Meeks’ “underlying activity” of allowing alcohol to be consumed by the minors at the party, although that was, no doubt, a factor.[2]
The trial court’s ruling misinterprets Koikos and McQuaig by concluding that each drink provided to each deceased minor constituted a separate occurrence under the Citizens homeowners’ insurance policy. Instead, we conclude that there was only one occurrence causing the tragic deaths, i.e., the car crash.
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.

. Because the term "accident” is subject to differing interpretations, it must be construed favorably to Appellees and in favor of finding coverage. Koikos, 849 So.2d at 266-67.

. We accept the allegations of the complaint as true for the purpose of our analysis.