ORFINGER, J.,
concurring specially with opinion.
I concur with the majority opinion. I write separately to address the argument made in Judge Berger’s thoughtful dissent.
The facts of this case are not in dispute. Bullard’s dog, Dixie, attacked Ivan, a young child. As Bullard and Maddox, Ivan’s mother, tried to get Dixie to release her grip on Ivan’s face, Dixie attacked Maddox. Both Ivan and Maddox sustained injuries from the dog bites. The dispute here centers on whether this constitutes one or two “oecurrence(s)” under Florida Farm Bureau’s policy. I agree that this case is controlled by the supreme court’s decision in Koikos v. Travelers Insurance Co., 849 So.2d 263 (Fla.2003).
In Koikos, two people were shot by an assailant who fired multiple times in a restaurant. They filed separate lawsuits against Koikos, the restaurant’s owner, claiming that he negligently failed to provide adequate security at his restaurant. Koikos, in turn, sued his insurer, Travelers, in a declaratory judgment action. Koikos argued in favor of finding multiple occurrences under the policy, contending that the determination of the number of occurrences should be based on the immediate cause of the injuries — the gunshots. In contrast, Travelers argued that the focus should be on Koikos’s underlying negligence — his alleged failure to provide appropriate security. Koikos, 849 So.2d at 265, 267. The supreme court held that the proper focus should be on “the act that causes the damage,” the gunshots, not Koi-kos’s failure to protect his patrons. “Focusing on the immediate cause-that is the act that causes the damage — rather than the underlying tort-that is the insured’s negligence — is also consistent with the interpretation of other forms of insurance policies.” Id. at 271. In its opinion, the supreme court agreed with this Court’s decision in American Indemnity Co. v. McQuaig, 435 So.2d 414 (Fla. 5th DCA 1983), which held that consistent with the “cause theory,” an “occurrence” is the immediate injury-producing act and not the underlying tortious omission. Id. Consequently, “[t]he act which causes the damage constitutes the occurrence.” Phillips v. Ostrer, 481 So.2d 1241, 1247 (Fla. 3d DCA 1985); see New Hampshire Ins. Co. v. RLI Ins. Co., 807 So.2d 171 (Fla. 3d DCA 2002).
In Koikos, the gunshots, not the negligent security, directly caused the injury to the plaintiffs. Likewise, in McQuaig, the immediate cause of the plaintiffs’ injuries were the gunshots, not the shooter’s insanity. Similarly here, the “immediate cause” of the injuries to Ivan and Maddox was Dixie’s attacks, not Bullard’s underlying *656 negligence of failing to control his dog, although that was, no doubt, a factor.
The dissent points to two authorities from other jurisdictions that might, if controlling, lead us to conclude that only one occurrence occurred here. Indeed, the state and federal courts have struggled with this issue and reached varying conclusions on the seemingly straightforward question of what constitutes a single “occurrence” within the meaning of an insurance policy. See generally Michael P. Sullivan, Annotation, What Constitutes Single Accident or Occurrence Within Liability Policy Limiting Insurer’s Liability to a Specified Amount Per Accident or Occurrence, 64 A.L.R.4th 668 (1988). Nonetheless, unless our supreme court recedes from Koikos, I believe the majority opinion is correct.