BERGER, J.,
concurring in part and dissenting in part.
I agree with the majority that the trial court properly granted declaratory relief for Florida Farm Bureau on Crystal Maddox’s claim for emotional distress. However, I do not agree that the injuries sustained by Maddox and her son, during a single dog attack, constituted two occurrences under Bullard’s homeowners insurance policy. In my view, the dog attack was the sole “proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damages” to both Maddox and her son and, thus, constituted only one occurrence under the policy. See Am. Indem. Co. v. McQuaig, 435 So.2d 414, 415 (Fla. 5th DCA 1983).
The Florida Supreme Court has adopted the cause theory when analyzing whether more than one occurrence has taken place under an insurance policy. See Koikos v. Travelers Ins. Co., 849 So.2d 263, 271 (Fla.2003). Under this theory, “[i]t is the act that causes the damage, which is neither expected nor intended from the standpoint of the insured, that constitutes the ‘occurrence.’ ” Id.
While the majority is correct that the cause theory must be applied in this case, I am not convinced that Koikos, or McQuaig upon which it relies, requires reversal.
Both Koikos and McQuaig involved individual tortfeasors firing multiple gunshots resulting in injury. In McQuaig, the insured, who claimed insanity, fired several shotgun blasts within a two-minute period that injured two people. 435 So.2d at 415. Utilizing the cause theory, this court held that each shotgun blast was a separate occurrence. Id. at 416. However, we noted that the result would have been different if “there was a single force, [such as one shot striking multiple people] that once set in motion caused multiple injuries.” Id. at 415.
In Koikos, the shooter was not the insured, but rather a third-party tortfeasor. 849 So.2d at 265. Relying on the McQuaig approach, the Florida Supreme Court concluded:
[CJonsistent with the “cause theory” that in the absence of clear language to the contrary, when the insured is being sued for negligent failure to provide security, “occurrence” is defined by the immediate injury-producing act and not by the underlying tortious omission. Thus, in this case, the immediate causes of the injuries were the intervening intentional acts of the third party — the intruder’s gunshots.
Id. at 271-72.
Had the injuries to Maddox and her son been caused by the intentional acts of Bul-lard or some other individual, I would agree with the majority that, based on Koikos, each act resulting in injury would constitute a separate occurrence. Howev *657 er, those are not the facts in this case. Maddox and her son were not injured by another person, they were injured by a dog, the insured’s property, during a single, uncontrollable attack. See Helmy v. Swigert, 662 So.2d 895 (Fla. 5th DCA 1995) (“Under Florida law, a dog is considered to be personal property.”). Indeed, the record reflects the dog in this case was out of control from the time it first bit Maddox’s son, through the time it bit Maddox in her effort to stop the attack, until the time Maddox and her son were able to flee to safety. Accordingly, much like the cases involving out of control motor vehicles, the dog attack in this case was the single force, that once set in motion caused the injury to Maddox and her son. See McQuaig, 435 So.2d at 415; see also Truck Ins. Exch. v. Rohde, 49 Wash.2d 465, 303 P.2d 659 (1956) (injuries to three motorcyclists from motorist who veered into echelon constituted one occurrence); St. Paul-Mercury Indem. Co. v. Rutland, 225 F.2d 689 (5th Cir.1955) (truck colliding with train, damaging sixteen cars belonging to fourteen owners, is one occurrence).
This view is consistent with the cause theory outlined in Koikos and McQuaig. Here, the cause of the injury was the dog attack, the effect of the attack was the injury to Maddox and her son. Since Florida does not follow the “effect theory,” [1] I believe the trial court was correct in determining the injuries to Maddox and her son were the result of one occurrence.[2]

. “Under the minority view, or 'effect' theory, the courts have held that the ‘per accident’ clause in insurance policies is to be construed as referring to the result or effect of the accident on the persons injured or damaged and not as referring to the cause of the accident.” McQuaig, 435 So.2d at 415 n. 1.

. Based on the specific facts of this case, I find no ambiguity in the insurance contract.