ON MOTION FOR REHEARING

PALMER, J.
Appellee, Florida Farm Bureau General Insurance Company, has filed a motion for rehearing. We deny the motion for rehearing, but withdraw our previous opinion and substitute this corrected opinion in its place.
In this dog bite case, Crystal Maddox appeals the final judgment entered by the trial court granting declaratory relief to Florida Farm Bureau General Insurance Company. Determining that the trial court erred in concluding that only one “occurrence” under a homeowner’s insurance policy took place, we reverse that portion of the final judgment.
At the time of the dog attack, Maddox, together with her two sons, Logan and Ivan, lived with her boyfriend, Robert Bul-lard, and his two dogs, Dixie and Sugar, in Bullard’s home. As Maddox was dressing Logan, she heard Ivan screaming. Maddox and Bullard ran to the spare bedroom where they saw Dixie biting Ivan. They tried to get Dixie to release her grip on Ivan’s face. After Dixie finally released Ivan’s face from her mouth, she bit Maddox in the face. Both Ivan and Maddox sustained injuries from the dog bites.
Bullard’s home was insured under a homeowner’s policy issued by Florida Farm Bureau General Insurance Company. The policy declarations provided Bul-lard with personal liability coverage limited to $100,000 for each “occurrence.” The policy provided, in pertinent part, the following conditions for personal liability:
All “bodily injury” and “property damage” resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one “occurrence”.
The policy contained the following relevant definition:
“Occurrence” means an accident, including continuous or repeated exposure to substantially the same general harmful *1181 conditions, which results, during the policy period, in:
a. “Bodily injury”; or
b. “Property damage.”
Maddox filed a complaint against Bul-lard seeking damages for the injuries she sustained in the dog attack. Florida Farm Bureau thereafter filed a complaint for declaratory relief naming both Bullard and Maddox as defendants. The complaint alleged that Florida Farm Bureau was not liable to pay any damages to Maddox because, under Bullard’s policy, the damages claimed by Maddox for her bodily injuries were subject to the same occurrence limit applicable to the damages for injuries suffered by Ivan, and that the per occurrence limit had been exhausted because $100,000 had already been paid to Ivan. The complaint also requested the court to enter an order declaring that the entire dog attack constituted one occurrence under Bullard’s policy. Bullard and Maddox filed separate answers asserting that the injuries to Ivan and Maddox were sustained in separate occurrences.
Florida Farm Bureau and Maddox filed competing motions for summary judgment. The trial court granted Florida Farm Bureau’s motion, finding the dog bite injuries were subject to the one occurrence limit in Bullard’s policy.
Maddox appeals, arguing that the trial court erred in granting summary judgment in favor of Florida Farm Bureau because the dog bites that she and Ivan sustained were separate occurrences. We agree.
In the absence of explicit policy language to the contrary, the Florida Supreme Court has adopted the “cause theory,” which looks to the cause of a party’s injuries for determining the number of “occurrences” under an insurance policy. See Koikos v. Travelers Ins. Co., 849 So.2d 263, 269 (Fla.2003). Here, the cause theory must be applied because Bullard’s policy contains no explicit contrary language.
Whether the injuries that Maddox and Ivan sustained constitute one occurrence is controlled by American Indem. Co. v. McQuaig, 435 So.2d 414 (Fla. 5th DCA 1983), and Koikos v. Travelers Ins. Co., 849 So.2d 263 (Fla.2003).
In McQuaig, two deputy sheriffs responded to a residence where three shots were fired. The first shot struck one officer. The third shot struck another officer. The second shot struck both officers. In issuing declaratory relief, as sought by the property owner and his insurer, American Indemnity, the trial court held that each shotgun blast was a separate occurrence. American Indemnity appealed arguing that there was only one occurrence for the following three reasons: (1) one instrumentality of danger — the shotgun — caused the injuries, (2) the injuries were caused in one specific location, and (3) the injuries occurred in a short time period of less than two minutes. In rejecting this argument, our court recognized that, under the cause theory, “the inquiry is whether ‘there was but one proximate, uninterrupted, and continuing cause which resulted in all of the injuries and damages.’” McQuaig, 435 So.2d at 415 (quoting Bartholomew v. Ins. Co. of N. America, 502 F.Supp. 246 (D.R.I.1980)).
In Koikos, George Koikos rented his restaurant to a fraternity for a graduation party. During the party, an intruder fired two separate, but nearly concurrent, rounds. Two guests of the fraternity party were struck by a single bullet. In addition, three other guests were injured. Koikos filed an action against its insurer, Travelers Insurance Company (Travelers) seeking declaratory relief. The case was removed to federal court. The federal district court granted summary judgment for *1182 Travelers, holding that the shooting incident amounted to one occurrence under the policy. Koikos appealed. The Eleventh Circuit certified the question to the Florida Supreme Court, and the Court concluded that each shooting of a separate victim constituted a separate occurrence. The Court held that “it is the act that causes the damage, which is neither expected nor intended, from the standpoint of the insured, that constitutes the ‘occurrence.’ ” The Court also rejected Travelers’ argument that all of the shots should be considered one occurrence because of the close proximity in time and space of the individual shots fired, concluding:
[Ujsing the number of shots fired as the basis for the number of occurrences is appropriate because each individual shooting is distinguishable in time and space.
Id. at 272.
Because ambiguous provisions must be construed against the insurer, the occurrence language in the policy must be construed as meaning each uninterrupted dog attack on a separate victim constitutes an occurrence under this policy.
While Florida Farm Bureau argues that the “dog attack” constituted one occurrence, the Koikos Court rejected a similar argument, concluding that there was no unambiguous language in the policy to put “Koikos on notice that ‘a series of similar causes’ would be considered one occurrence.” 849 So.2d at 273. The Court further stated that the policy’s definition of occurrence was susceptible to two reasonable interpretations (specifically, that the “‘ [occurrence’ can reasonably be stated to refer to the entire shooting spree or to each separate shot that resulted in a separate injury to a separate victim.”). Therefore, the policy must be construed in favor of the insured. See State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So.2d 1072, 1076 (Fla.1998) (explaining that where policy language is subject to differing interpretations the language “should be construed liberally in favor of the insured and strictly against the insurer.”).
Likewise, in this case, it is reasonable to construe the occurrence as the entire dog attack or as each separate dog bite. Because ambiguous provisions must be construed against the insurer, the occurrence language in the instant policy must be construed as meaning each separate dog bite that resulted in a separate injury to a separate victim was a separate occurrence. For these reasons, the trial court erred in holding that the injuries which Maddox and Ivan sustained were not separate occurrences under Bullard’s policy.
In closing, we hold that, with respect to paragraph two of the final judgment which relates to intentional infliction of emotional distress, the trial court properly granted declaratory relief for Florida Farm Bureau.
•AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER, J., concurs specially, with opinion.
BERGER, J., concurs in part and dissents in part, with opinion.